No. 16-2514

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Plaintiff/Appellant,

v.

CITY OF LONG BRANCH,
Defendant/Appellee.

On Appeal from the United States District Court
for the District of New Jersey

APPENDIX OF THE PLAINTIFF-APPELLANT
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
VOL. I, pp. 1-14

P. DAVID LOPEZ
General Counsel

JENNIFER S. GOLDSTEIN
Associate General Counsel

MARGO PAVE
Assistant General Counsel

JEREMY D. HOROWITZ
Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St., N.E., Room 5SW24J
Washington, D.C. 20507
(202) 663-4716
jeremy.horowitz@eeoc.gov

# TABLE OF CONTENTS

Volume I

**Page**

1. Notice of Appeal ........ AA-1
2. Order ........ AA-3
3. District Court Memorandum Opinion ........ AA-4
4. Magistrate Judge's Letter Order ........ AA-10

Volume II

5. Motion to Enforce Subpoena and supporting documents ........ AA-15
6. Opposition to Motion to Enforce Subpoena and supporting documents ...... AA-79
7. Memorandum in Support of EEOC's Appeal of a Portion of the Magistrate Judge's Order ........ AA-105
8. Memorandum in Support of Opposition to EEOC's Appeal of the Magistrate Judge's Order ........ AA-119
9. EEOC's Reply Memorandum in Support of its Appeal of a Portion of the Magistrate's Order ........ AA-126

Certificate of Service

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Applicant,<br><br>v.<br><br>CITY OF LONG BRANCH,<br><br>Respondent. | Docket No.: 3:15-cv-01081-MAS-TJB<br><br>Judge: Michael A. Shipp<br>U.S. District Judge<br><br>**Notice of Appeal to the U.S. Court of Appeals for the Third Circuit** |

**NOTICE IS HEREBY GIVEN** that Applicant Equal Employment Opportunity Commission ("EEOC"), a United States agency, hereby appeals to the United States Court of Appeals for the Third Circuit from the Order of the United States District Court, District of New Jersey, entered in this action on March 18, 2016 (Docket No. 12), terminating the EEOC's subpoena enforcement action.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: May 18, 2016
New York, New York

By: s/Raechel L. Adams

Raechel L. Adams
Supervisory Trial Attorney
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Tel. 212-336-3707
Fax. 212-336-3623
Raechel.adams@eeoc.gov

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing Notice of Appeal to the U.S. Court of Appeals for the Third Circuit on behalf of Applicant Equal Employment Opportunity Commission with the Clerk of the District Court using its CM/ECF system, which then electronically notified the following attorney for Respondent City of Long Branch:

Emery J. Mishky
MARGOLIS EDELSTEIN
Connell Corporate Center
400 Connell Drive
Suite 5400
Berkeley Heights, NJ 07922
Tel. 908-790-1401
Fax. 908-790-1486
Emishky@margolisedelstein.Com

Dated: May 18, 2016
New York, New York

s/Raechel L. Adams
Raechel L. Adams

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Petitioner,<br><br>v.<br><br>CITY OF LONG BRANCH,<br><br>Respondent. | Civil Action No. 15-1081 (MAS) (TJB)<br><br>**ORDER** |

This matter comes before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") appeal of the portion of the July 30, 2015 Order of the Honorable Tonianne J. Bongiovanni, U.S.M.J. ("Magistrate Judge") which prohibits the EEOC from exercising its discretion to disclose information obtained from Respondent to the charging party or his counsel (ECF No. 7). (ECF No. 8.) Respondent City of Long Branch filed an opposition (ECF No. 9), and the EEOC replied (ECF No. 10). The Court has carefully considered the submissions of the parties and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated in the accompanying Memorandum Opinion, and other good cause shown,

**IT IS**, on this 18th day of March 2016 **ORDERED** that:

1. The EEOC's Appeal of the Magistrate Judge's July 30, 2015 Order (ECF No. 8) is DENIED.
2. Judge Bongiovanni's July 30, 2015 Order (ECF No. 7) is AFFIRMED.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Petitioner,<br><br>v.<br><br>CITY OF LONG BRANCH,<br><br>Respondent. | Civil Action No. 15-1081 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") appeal of the portion of the July 30, 2015 Order ("Order") of the Honorable Tonianne J. Bongiovanni, U.S.M.J. ("Magistrate Judge" or "Judge Bongiovanni") which prohibits the EEOC from disclosing information obtained from Respondent City of Long Branch ("Respondent") to the charging party or his counsel (ECF No. 7). (ECF No. 8.) Respondent filed an opposition to the appeal (ECF No. 9), and the EEOC replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matters without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, the Court affirms Judge Bongiovanni's Order.

## I. Background

On or about February 7, 2013, Lieutenant Lyndon Johnson ("Lt. Johnson" or "Charging Party") filed a charge of discrimination ("Charge") against the Respondent with the EEOC. (EEOC's Moving Br. for Order to Show Cause ("OTSC") 1-2, ECF No. 1-2.) Lt. Johnson, an

African-American Lieutenant in the Long Branch Police Department, alleged that Respondent, as his employer, discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). (*Id.*) Specifically, Lt. Johnson alleged that "he was subjected to different and harsher disciplinary measures than similarly situated white colleagues who committed the same or similar infractions." (*Id.* at 2.)

On August 19, 2013, the EEOC served Respondent with a Notice of Charge. (*Id.*) In response to the Charge, Respondent asserted that "the disciplinary actions taken against Lt. Johnson are consistent with a race-neutral application of the Police Department's policies and standards and with disciplinary actions taken against Lt. Johnson's comparators." (*Id.*) "[T]o investigate whether Lt. Johnson was subjected to harsher discipline than his white co-workers for similar infractions, the EEOC requested all disciplinary records for Lt. Johnson and six Caucasian comparators." (*Id.*) In response to this request, "Respondent notified [the] EEOC that it was gathering the materials but would produce them only if [the] EEOC agreed to certain restrictions in the use and disclosure of the 'confidential' materials." (*Id.*) Notably, these restrictions included a prohibition against providing any material designated "'confidential' . . . in whole or in part, other than in the form of the EEOC's opinions and conclusions . . . to the claimant [Lt. Johnson] and/or his counsel, representative, or the like." (*Id.* at 3.) Following the EEOC's refusal to agree to these restrictions, Respondent advised the EEOC that it would not produce the requested information "absent a Court Order." (*Id.*)

Thereafter, the EEOC issued a subpoena to Respondent. (EEOC Subpoena, ECF No.1-3.) Following Respondent's failure to produce documents in response to this subpoena, the EEOC filed a motion to enforce the subpoena in this Court. (ECF No. 1.) This motion was referred to the Magistrate Judge. Applying the Supreme Court's decision in *EEOC v. Associated Dry Goods*

to the EEOC's subpoena here, Judge Bongiovanni held that the EEOC was not entitled to share the requested information about other police officers with the charging party:

> Based on *EEOC v. Associated Dry Goods*, even if the seven[1] police officers had also filed complaints against Respondent (which is not the case), each would only be entitled to review his own personnel file and records. Consequently, there is absolutely no reason why the charging party, Lt. Johnson, should be granted access to the personnel and employment records of the seven police officers.

(Order 4, ECF No. 7.) The EEOC now appeals this Order.

## II. Standard of Review

A magistrate judge is authorized to determine non-dispositive motions, which include "any pretrial motion or other pretrial matter." L. Civ. R. 72.1(a)(1). A magistrate judge is "accorded wide discretion in addressing non-dispositive motions." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A magistrate judge's resolution of non-dispositive matters may only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998) (citing 28 U.S.C. § 636(b)(1)(A)). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find that the magistrate judge misapplied or misinterpreted the applicable law. *Gunter*, 32 F. Supp. 2d at 164.

---

[1] In the EEOC's moving brief for the OTSC, the EEOC states that it requested "all disciplinary records for Lt. Johnson and *six* Caucasian comparators." (EEOC's Moving Br. for OTSC 2) (emphasis added). The number of comparators' files requested is not, however, material to the issue on appeal.

The party filing the appeal has the burden of showing that a magistrate judge's ruling is clearly erroneous or contrary to law. *Travelers Indemn. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 758-59 (D.N.J. 2008), *aff'd*, 594 F.3d 238 (3d Cir. 2010). When a non-dispositive matter has been decided by a magistrate judge, the ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefsky v. Panasonic Comm. Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). "It follows that a 'magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently.'" *Costa v. Cnty. of Burlington*, 584 F. Supp. 2d 681, 684 (D.N.J. 2008) (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994)).

## III. **Discussion**

On appeal the EEOC argues that the Order "contravenes the language of Title VII, EEOC's regulations, and the Supreme Court's holding in *Associated Dry Goods*." (EEOC's Moving Br. 1, ECF No. 8-1.) In particular, the EEOC argues that Judge Bongiovanni's finding that the Charging Party should be considered a member of the "public" with respect to the personnel and employment records of the six Caucasian comparators was contrary to law. (*Id.* at 7.) The authority that the EEOC relies upon does not, however, compel this conclusion. In particular, the EEOC has not cited, nor has the Court found, any authority that addresses the precise question that was before Judge Bongiovanni - namely whether a charging party is considered a member of the public with respect to the files of individuals who have not filed any charges with the EEOC.

In arguing that the Order should be set aside, the EEOC relies on a portion of the *Associated Dry Goods* decision that dealt with the disclosure of the *charging party's files* to the charging party to argue that under Title VII and the EEOC's regulations, the charging party should not be considered a member of the public with respect to the files of non-charging parties. (EEOC's Moving Br. 7-8.) Contrary to the EEOC's assertion, however, the decision in *Associated Dry*

*Goods* does not compel finding that a non-charging party's files are subject to the same disclosure as a charging party's files. Indeed, the decision in *Associated Dry Goods* distinguished between the disclosure of a charging party's files to him/herself and the disclosure of other charging party's files to the charging party. With respect to the latter, the Supreme Court explained that "though Congress allowed disclosure of investigative information in a charging party's file to that party himself, nothing in the statute or its legislative history reveals any intent to allow the Commission to reveal to that charging party information in the files of other charging parties who have brought claims against the same employer." 449 U.S. 590, 603 (1981).

Applying *Associated Dry Goods* to this case, Judge Bongiovanni held that "there is absolutely no reason why the charging party, Lt. Johnson, should be granted access to the personnel and employment records of the seven police officers." (Order 4.) This conclusion was consistent with the Supreme Court's holding in *Associated Dry Goods* that "[w]ith respect to all files other than his own, [the charging party] is a stranger." 449 U.S. at 603. Accordingly, the Order's restriction on the disclosure of the comparator's personnel and employment records was not contrary to law. In addition, this restriction was consistent with the narrow reading that is afforded to the non-disclosure provision in Title VII. *See, e.g.*, *Am. Centennial Ins. Co. v. U.S. E.E.O.C.*, 722 F. Supp. 180, 184 (D.N.J. 1989) ("The purposes of the non-disclosure statutes are clearly better served by limiting disclosure to a very narrow group . . . ").

## IV. Conclusion

For the reasons set forth above, the EEOC's appeal is denied and Judge Bongiovanni's July 30, 2015 Order is affirmed. The Court will enter an order consistent with this Memorandum Opinion.

                                                     s/ Michael A. Shipp
                                                     **MICHAEL A. SHIPP**
                                                     **UNITED STATES DISTRICT JUDGE**

Dated: March 18, 2016

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(609) 989-2040**

**CHAMBERS OF**
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

**U.S. COURTHOUSE**
**402 E. STATE STREET, RM 6052**
**TRENTON, NJ 08608**

July 30, 2015

**LETTER ORDER**

**Re: Equal Employment Opportunity Commission v. City of Long Branch**
**Civil Action No. 15-1081 (MAS)**

Dear Counsel:

Currently pending before the Court is Petitioner's, the Equal Employment Opportunity Commission ("EEOC"), Motion seeking an Order to Show Cause why Respondent, the City of Long Branch ("Respondent"), should not be compelled to comply with EEOC Subpoena No. NY-A14-011 ("Subpoena"). [Docket Entry No. 1]. Respondent opposes EEOC's motion [Docket Entry No. 5]. The Court has reviewed all arguments made in support of and in opposition to EEOC's motion and considers same without oral argument, pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, EEOC's motion is GRANTED in part and DENIED in part.

By way of background, the EEOC is investigating a charge of race discrimination filed against the City of Long Branch, under Title VII of the Civil Rights Act of 1964, 42 U.S. §§ 2000 *et seq* by Lieutenant Johnson. Lt. Johnson, an African-American lieutenant in the Long Branch Police Department, alleges that his employer, the City of Long Branch, has discriminated against him on the basis of race. Specifically, he alleges that he was subjected to different and harsher disciplinary measures than similarly situated white colleagues who committed the same or similar alleged infractions. (*See* Motion to Enforce Subpoena; Docket Entry No. 1 at 1). In order to investigate whether Lt. Johnson was subjected to harsher discipline than his white co-workers for similar

infractions, the EEOC has requested all disciplinary records for Lt. Johnson and six Caucasian comparators. (*Id*. at 2).

On December 30, 2013, the EEOC made its first request to Respondent for the disciplinary files of the seven officers. (*Id*.). On January 9, 2014, Respondent requested additional time, until February 15, 2014, to respond. On February 12, 2014, Respondent notified the EEOC that although these officers were not subject to, nor involved in any manner to the instant litigation, it would produce the requested documents to the EEOC, subject to the preservation of the privacy and confidentiality of these sensitive employment and personnel information for non-parties. To do so, Respondent requested the EEOC execute a confidentiality agreement. (*Id*.). Specifically, Petitioner stated that the EEOC must sign an agreement, which provided, that while the EEOC could rely on the information to "form opinions and conclusions relating to the charge based on its evaluation" of the records but that the EEOC "shall not" in discussing its opinions and conclusions "reveal the content of such confidential materials except by prior written agreement." (*Id*. at 2-3). Further, Respondent also conditioned release of the files on EEOC's promise that no material designated "confidential" by Respondent "be provided, published, or otherwise revealed…to the claimant Lyndon B. Johnson and/or his counsel…" (*Id*. at 3). However, the EEOC refused to enter such an agreement.

On June 30, 2014, the EEOC reached out to Respondent with another chance to comply with its requests for production of the files. (*Id*.). Respondent refused, forcing the EEOC to issue a subpoena for the records. Said subpoena was served on Respondent via email on July 23, 2014. The EEOC also served the subpoena via certified return receipt requested mail, which was signed for by Respondent on July 25, 2014. (*Id*.).

The EEOC argues Respondent failed to exhaust its administrative remedies by filing a timely petition to revoke or modify the subpoena and has therefore waived its right to object. The EEOC states, "A party who finds any portion of an EEOC administrative subpoena objectionable may, within five days of service of the subpoena, petition the Commission for relief." (*Id* at 4 citing 29 C.F.R. §1601.1(b)(1)-(2)). Here, Respondent failed to file a timely petition to revoke or modify the EEOC subpoena in accordance with regulations, and instead remained steadfast in its refusal to produce the records. (*Id*. at 5).

The EEOC further argues the subpoenaed documents cannot be withheld on grounds that they contain confidential or private information. The EEOC contends that a violation of employee confidentiality is an insufficient basis upon which to deny enforcement of EEOC's administrative subpoena. *EEOC v. Bay Shipbuilding Corp*., 668 F.2d 304, 312 (7th Cir. 1981). Specifically, the EEOC states that Title VII imposes strict restraints on the Commission and its employees to maintain the confidentiality of information learned during investigations and informal endeavors to conciliate. (*Id*. at 10). Therefore, the EEOC argues the statutory and regulatory safeguards in place are sufficient to ensure that confidential and private information is reviewed only by persons authorized by statute to view it.

It is Respondent's position that it will produce the requested documents but only if the EEOC provides assurances and enter into an agreement that the police officers' personnel and employment records are not to be disclosure to the public nor to the charging party, Lyndon B. Johnson. (*See* Brief in Opposition; Docket Entry No. 5). Respondent argues the EEOC failed to mention in their moving papers that the charging party is considered a member of the "public" and hence a stranger to said personnel records. (*Id*. at 2 (quoting *EEOC v. Associated Dry Goods*, 101 S.Ct. 817, 825 (1981) (internal quotation marks omitted))). Indeed, Respondent claims that while the Supreme

Court has recognized that a charging party may be granted access to investigative material from his own file, it has also held that there is no reason why a charging party should know the content of any other employee's charge, and he must be considered "a member of the public" with respect to charges filed by other people. (*Id*. at 3 (quoting *EEOC v. Associated Dry Goods*, 101 S.Ct. at 825 (internal citation marks omitted)). As a result, Respondent argues that the EEOC should agree to the terms of the confidentiality order proposed by it.

Here, the EEOC seeks personnel and employment records of seven police officers. Unlike in *EEOC v. Associated Dry Goods*, the police officers whose information is subject to disclosure haven't even filed charges against Respondent. Instead, they are completely unrelated to and uninvolved with the charging party's complaint against Respondent. Based on *EEOC v. Associated Dry Goods*, even if the seven police officers had also filed complaints against Respondent (which is not the case), each would only be entitled to review his own personnel file and records. 101 S.Ct. at 825. Consequently, there is absolutely no reason why the charging party, Lt. Johnson, should be granted access to the personnel and employment records of the seven police officers. The Court is perplexed by the EEOC's failure to recognize the officers' privacy interests and its refusal to simply agree to this limitation.

Therefore, the Court having considered the moving papers and the opposition thereto, and for good cause having been shown;

IT IS on this 29th day of July, 2015,

**ORDERED THAT EEOC'S APPLICATION BE AND HEREBY IS GRANTED AND RESPONDENT SHALL COMPLY WITH SUBPOENA NO. NY-A14-011 AND PROVIDE EEOC WITH THE RECORDS DEMANDED IN THE SUBPOENA; AND**

**IT IS FURTHER ORDERED THAT EEOC COMPLY WITH ALL APPLICABLE RULES AND REGULATIONS REGARDING CONFIDENTIALITY OF EMPLOYMENT RECORDS AND AVOID DISCLOSURE OF CONFIDENTIAL RECORDS OBTAINED DURING THEIR INVESTIGATION INCLUDING**

**AVOIDING DISCLOSURE OF THE SEVEN POLICE OFFICERS' RECORDS TO THE CHARGING PARTY, LT. JOHNSON; AND**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE DOCKET ENTRY NO. 1 AND MARK THIS CASE AS CLOSED.**

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**