No. 16-2514

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
    Plaintiff/Appellant,

v.

CITY OF LONG BRANCH,
    Defendant/Appellee.

_____

On Appeal from the United States District Court
for the District of New Jersey

_____

APPENDIX OF THE PLAINTIFF-APPELLANT
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
VOL. II, pp. 15-129
_____

P. DAVID LOPEZ
General Counsel

JENNIFER S. GOLDSTEIN
Associate General Counsel

MARGO PAVE
Assistant General Counsel

JEREMY D. HOROWITZ
Attorney

U.S. EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
Office of General Counsel
131 M St., N.E., Room 5SW24J
Washington, D.C. 20507
(202) 663-4716
jeremy.horowitz@eeoc.gov

# TABLE OF CONTENTS

## Volume I

**Page**

1. Notice of Appeal ............................................................................AA-1

2. Order ..............................................................................................AA-3

3. District Court Memorandum Opinion............................................AA-4

4. Magistrate Judge's Letter Order .................................................AA-10

## Volume II

5. Motion to Enforce Subpoena and supporting documents.............AA-15

6. Opposition to Motion to Enforce Subpoena and supporting documents......AA-79

7. Memorandum in Support of EEOC's Appeal of a Portion of the Magistrate Judge's Order ............................................................................AA-105

8. Memorandum in Support of Opposition to EEOC's Appeal of the Magistrate Judge's Order ............................................................................AA-119

9. EEOC's Reply Memorandum in Support of its Appeal of a Portion of the Magistrate's Order ...................................................................AA-126

Certificate of Service

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EQUAL EMPLOYMENT OPPORTUNITY    :
COMMISSION,                                          :
                                                           :
                                 Applicant,            :          NOTICE OF TO MOTION TO
                                                           :          ENFORCE SUBPOENA
          v.                                              :
                                                           :
CITY OF LONG BRANCH                         :
                                                           :
                                 Respondent.         :
                                                           :

TO:    Emery J. Mishky
         Margolis Edelstein
         400 Connell Drive, Suite 5400
         Berkeley Heights, N.J. 07922-2775
         Attorney for Respondent

         PLEASE TAKE NOTCE that on a date and time to be determined by the Court,

Applicant Equal Employment Opportunity Commission ("EEOC"), will move before the Court

for an Order to Show Cause why Respondent should not be compelled to comply with EEOC

Subpoena No.: NY-A14-011;

         PLEASE TAKE FURTHER NOTICE that in support of its Application, EEOC will rely

upon the accompanying Memorandum of Law and the Declaration of John Waldinger, with

attachments and;

         PLEASE TAKE FURTHER NOTICE that a proposed form of Order granting the relief

requested is submitted herewith.

Dated:  February 10, 2015                           /s/ Rosemary DiSavino
                                                             Rosemary DiSavino
                                                             Senior Trial Attorney
                                                             Equal Employment Opportunity
                                                             Commission
                                                             One Newark Center, 21st Floor

Newark, N.J.  07102
(973) 645-6430
Fax: 973-645-4524
rosemary.disavino@eeoc.gov

JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Equal Employment Opportunity Commission

## DEFENDANTS
City of Long Branch

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
U.S. EEOC, One Newark Center, 21st Floor, Newark, N.J.  07102
Rosemary DiSavino, rosemary.disavino@eeoc.gov,  973-645-6430
Jeffrey Burstein, jeffrey.burstein@eeoc.gov, 973-645-2267

Attorneys *(If Known)*
Margolis, Edelstein, 400 Connell Drive, Suite 5400, Berkeley Heights,
N.J. 07922
Emery J. Mishky, emishky@margolisedelstein.com, 908-790-7761

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157 | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |
| | | | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | |
| | | **LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     Another District
     *(specify)*

☐ 6  Multidistrict
     Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e, et seq.
Brief description of cause:
Order to Show Cause why an administrative subpoena should not be enforced

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
  UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY
*(See instructions):*
JUDGE _____

DOCKET NUMBER _____

DATE  2.10.15

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AA-17

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION,                    :
                               :
                  Applicant,   :
                               :
            v.                 :
                               :
CITY OF LONG BRANCH,           :
                               :
                  Respondent.  :
_____ :

## MEMORANDUM IN SUPPORT OF
## APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN
## ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED

This case is before the Court on the application of the Equal Employment Opportunity

Commission (the "EEOC" or "Commission") for an Order to Show Cause why an administrative

subpoena should not be enforced. The EEOC is currently investigating a charge of race

discrimination filed against the City of Long Branch ("Respondent"), under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). In the course of EEOC's

investigation, EEOC has requested copies of documents relevant to the charge. Respondent

refused to produce the documents. Respondent's refusal has impeded and delayed EEOC's

investigation of the charge and forced EEOC to issue a subpoena. Respondent has refused to

comply with EEOC's subpoena, forcing EEOC to file the present application. The EEOC

therefore asks this Court to issue an Order to Show Cause why the subpoena should not be

enforced.

## I. Factual Background

On or about February 7, 2013, Charging Party Lt. Lyndon Johnson filed a Charge of

Discrimination against Respondent, alleging that Respondent discriminated against him on the

1

basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

Declaration of John Waldinger, Director of the EEOC Newark Area Office, ¶ 6 (hereinafter

"Waldinger Dec.").  Charging Party, an African-American Lieutenant in the Long Branch Police

Department, alleges that his employer, the City of Long Branch, has discriminated against him

on the basis of race.  Specifically, Lt. Johnson alleges that he was subjected to different and

harsher disciplinary measures than similarly situated white colleagues who committed the same

or similar alleged infractions.   Waldinger Dec. ¶ 6.

EEOC served Respondent with a Notice of Charge and a copy of the Charge on August 19,

2013.  Waldinger Dec. ¶7.  In its September 23, 2013 Statement of Position, Respondent asserts

that the disciplinary actions taken against Lt. Johnson are consistent with a race-neutral

application of the Police Department's policies and standards and with disciplinary actions taken

against Lt. Johnson's comparators.  Waldinger Dec. ¶ 8.

In order to investigate whether Lt. Johnson was subjected to harsher discipline than his

white co-workers for similar infractions, EEOC requested all disciplinary records for Lt. Johnson

and six Caucasian comparators.  EEOC's first request for the disciplinary files was made on

December 30, 2013.  Waldinger Dec. ¶ 9.  On January 9, 2014, Respondent requested additional

time, until February 15, 2014, to respond.   Waldinger Dec. ¶ 10.  In its letter of February 12,

2014, Respondent notified EEOC that it was gathering the materials but would produce them

only if EEOC agreed to certain restrictions in the use and disclosure of the "confidential"

materials.   Respondent stated that EEOC must sign an agreement which provided, *inter alia*, that

while EEOC could rely on the information to "form opinions and conclusions relating to the

[charge] based on its evaluation" of the records but that EEOC "shall not" in discussing its

opinions and conclusions "reveal the content of such Confidential materials except by prior

2

written agreement." Respondent also conditioned release of the files on EEOC's promise that no material designated "confidential" by Respondent "be provided, published, or otherwise revealed, in whole or in part, other than in the form of the EEOC's opinions and conclusions, as set forth above, to the claimant Lyndon B. Johnson and/or his counsel, representative, or the like." Waldinger Dec. ¶ 11.

In an effort to allay Respondent's concerns about the confidentiality of the requested information, EEOC outlined three statutory prohibitions against the unauthorized disclosure of confidential records and reiterated its request for the information. Waldinger Dec. ¶ 12. Specifically, EEOC advised Respondent of the prohibitions against disclosure of information obtained during the course of an EEOC investigation as set forth in Title VII (which makes disclosure by EEOC employees unlawful in most circumstances), the Privacy Act of 1974 (which, in most circumstances, prohibits disclosure of any EEOC files without the prior written consent of the individual to whom the record pertains), and the Commission's mandate, pursuant to the Freedom of Information Act, to deny requests of a non-party for investigatory files. Waldinger Dec. ¶ 12. Several weeks later, on May 21, 2014, Respondent reiterated its position that it would not produce the requested information "absent a Court Order." Waldinger Dec. ¶ 13.

On June 30, 2014, EEOC offered Respondent another chance to comply with its request for production of the files. Waldinger Dec. ¶ 14. Respondent refused, forcing EEOC to issue a subpoena. The subpoena was served on Respondent via email on July 23, 2014. Waldinger Dec. ¶ 15. EEOC also served the subpoena via certified return receipt requested mail, which was signed for by Respondent on July 25, 2014. Waldinger Dec. ¶ 15.

A party who finds any portion of an EEOC administrative subpoena objectionable may, within five days of service of the subpoena, petition the Commission for relief. 29 C.F.R. § 1601.16(b)(1)-(2). This process permits the agency to conduct a review and determination of the subpoena and Respondent's objections. *Id.* In this case, Respondent failed to file a timely Petition to Revoke or Modify the EEOC Subpoena in accordance with the controlling regulations.[1]

Nevertheless, over the course of the next several months, EEOC attempted to reach a mutually acceptable agreement with Respondent to avoid using agency and judicial resources to litigate this issue. Respondent, however, remained steadfast in its refusal to produce the records unless EEOC agreed to its demands for restrictions on EEOC's use and disclosure of the information contained in files. Waldinger Dec. ¶ 17.

## II. Argument

In accordance with its statutory mandate to investigate charges of employment discrimination, EEOC seeks to determine whether Lt. Johnson has been discriminated against and subjected to disparate discipline on the basis of race in violation of Title VII. To that end, EEOC made the unremarkable request that Respondent produce the disciplinary files of Lt. Johnson and six comparators. Respondent's continued refusal to produce those files compels EEOC to seek relief from this Court.

### A. Respondent Failed to Exhaust its Administrative Remedies By Filing A Timely Petition to Revoke or Modify the Subpoena and Has Therefore Waived Its Right to Object.

---

[1] In addition to being filed out of time, Respondent incorrectly filed a "Notice of Motion to Quash [sic] Subpoena" on grounds that counsel for the PBA objected to release of the records, and that production of the records is restricted in accordance with the New Jersey Attorney General's "Internal Affairs Policy and Procedures". Waldinger Dec. ¶ 16.

4

Respondent failed to properly exhaust its administrative remedies by filing a timely Petition to Revoke or Modify EEOC's subpoena and has, therefore, waived its right to be heard to object. A party who has been served with an EEOC subpoena who wishes to raise objections in support of its refusal to comply must petition the EEOC to revoke or modify the subpoena within five days of service. 29 C.F.R. §1601.16(b)(1). Under the consistent case law detailed below, unless there is a constitutional basis for objecting, failure to properly exhaust the administrative remedies deprives the Court of jurisdiction to hear the objections to an EEOC subpoena enforcement and constitutes a waiver of objections.

Respondent did not exhaust its administrative remedies by filing a timely petition to revoke or modify the subpoena within five business days and, has, therefore waived its right to raise objections to subpoena enforcement. EEOC's subpoena was received by Respondent via email on July 23, 2014 and via certified mail on July 25, 2014. Waldinger Dec. ¶ 15. In order to be compliant with the controlling regulations and case law, Respondent's Petition to Revoke or Modify was due, at the latest, August 1, 2014, five business days after it received the subpoena via certified mail. Instead, its incorrectly captioned objections were not received by EEOC until August 7, 2014. Waldinger Dec. ¶ 15. Consequently, Respondent's objections to enforcement of the subpoena are untimely and should not be heard. *See EEOC v. Aerotek, Inc.*, 498 Fed. App'x. 645, 647-49 (7th Cir. 2013) (holding that Aerotek was foreclosed from challenging the EEOC's subpoena because the petition was one day late); *EEOC v. Sunoco., Inc.*, 2009 U.S. Dist. LEXIS 6070 *13, Civil Action No., 08-MC-145, (E.D. Pa. 2009) (employer's objections to EEOC subpoena "are waived for failure to exhaust its administrative remedies" where petition to revoke was not timely filed); *EEOC v. City of Milwaukee,* 54 F. Supp. 2d 885, 891 (E.D. Wis. 1999) (City was precluded from raising any defenses to enforcement because petitions to modify

5

were untimely); *cf.*, *EEOC v. Roadway Express, Inc.*, 569 F.Supp. 1526, 1528-29 (N.D. Ind. 1983) (finding that Roadway had waived its right to object to EEOC subpoena by failing to file a petition to revoke, the Court noted that "[i]t has long been established that a party will normally be denied judicial relief for injury until administrative remedies have been exhausted.").

### B. Even if the Court Were To Consider the Merits of Respondent's Argument, EEOC's Subpoena Should Be Enforced.

The standard for subpoena enforcement is not rigorous and is easily satisfied by EEOC here. EEOC subpoena enforcement proceedings are summary in nature and involve only limited judicial review. *EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 368 (7th Cir. 2011); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002); *EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80, 82 (4th Cir. 1995); *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir.1991); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475 (4th Cir. 1986); *EEOC v. Guess?, Inc.*, 176 F. Supp. 2d 416, 420 (E.D. Pa. 2001); *see also EEOC v. Shell Oil Co.*, 466 U.S. 54, 81 (1984) (rejecting argument that notice of the charge was insufficient because allowing respondents to make such an argument would delay EEOC's investigations); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1277 (10th Cir. 2002) (not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial").

To successfully petition a court to enforce an administrative subpoena, the Commission need only show that "1) its investigation has a legitimate purpose, 2) the inquiry is relevant to that purpose, 3) the agency does not already possess the information requested, 4) the agency has complied with relevant administrative requirements, and 5) the demand is not "'unreasonably broad or burdensome.'" *EEOC v. Kronos, Inc.*, 620 F.3d 287, 296 n.4 (3d Cir. 2010) (quoting

6

*Univ. of Med. & Dentistry of N.J. v. Corrigan,* 347 F.3d 57, 64 (3d Cir. 2003)). EEOC easily

satisfies this five-part test and, to date, Respondent has not asserted otherwise.

1. EEOC's Investigation Has A Legitimate Purpose

Congress has authorized, and indeed mandated, that EEOC investigate charges of

discrimination alleging that Title VII has been violated. 42 U.S.C. § 2000e-5(b).  Congress has

conferred on the Commission broad powers of access to records of those entities against whom

charges have been filed, 42 U.S.C. § 2000e-8(a), including the authority to subpoena evidence in

an investigation, 29 U.S.C. § 161 (incorporated by 42 U.S.C. § 2000e-9).  Here, EEOC is

investigating whether Respondent applied its disciplinary policies and procedures equally,

regardless of the race of the employee, an inquiry which falls squarely within the agency's

statutory mandate.  Thus, the first prong set forth in *EEOC v. Kronos, Inc.* is satisfied.

2. EEOC's Request for Seven Employee Discipline Files Is Relevant

EEOC seeks to determine whether Respondent applied it disciplinary policies in a race-

neutral manner by examining the disciplinary files of the African-American Charging Party and

six similarly situated white comparators.  Those files, the only information sought by the

subpoena, are directly relevant to the issue of whether Respondent engages in disparate

discipline based on race.  A comparison of the disciplinary files is not only "relevant", it is the

only way EEOC can determine whether the allegations of disparate discipline have merit.  The

question of the relevance of this information is not and cannot be seriously disputed.

The concept of relevance during an EEOC investigation is broader than is that concept

during litigation; and relevance is not restricted to the confines of the individual charge.

Relevance is routinely found where, as here, EEOC seeks information about employees other

than the Charging Party. *EEOC v. Franklin & Marshall Coll.*, 775 F.2d 110, 116 (3d Cir.

1985)(comparative evidence may reveal discrimination); *EEOC v. Howell*, Civil Nos. 91-2731, 91-2732, 1991 U.S. Dist. LEXIS 11650 (D.N.J. 1991) (personnel files requested by EEOC would reveal comparative information "vital to EEOC's investigation."); *EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 747-48 (8th Cir. 2011) (EEOC may subpoena information about persons other than the charging party); *EEOC v. Las Vegas Metro. Police Dept.*, 143 F.R.D. 233, 234 (D. Nev. 1991) (personnel files and records of various employees is relevant to EEOC's investigation of race discrimination).

Pursuant to its statutory authority, EEOC is entitled to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). "[C]ourts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer." *Shell Oil Co.*, 466 U.S. at 68-69.

Respondent has not objected to production of the subpoenaed files on relevance grounds. Clearly, such files are critical to EEOC's ability to determine if Respondent disciplines its employees in a race-neutral manner. In cases of disparate discipline, evidence of the treatment accorded the alleged victims comparators is essential. Therefore, the disciplinary files of Charging Party and his comparators are relevant under the second *Kronos* prong.

3. <u>EEOC Does Not Already Possess the Employee Files</u>

This prong of the Kronos test needs little elaboration. At issue here are the personnel files of Respondent's employees. EEOC does not have the files, which are in Respondent's possession.

4. <u>EEOC Has Complied with Relevant Administrative Requirements</u>

8

There is no dispute here that a valid charge has been filed and the subpoena contains all the information required by the EEOC's regulations. *See* 29 C.F.R. § 1601.16(a) (elements of subpoena)[2]. *See also Shell Oil Co.*, 466 U.S. at 67-74 (addressing requirements of valid charge); 29 C.F.R. § 1601.12 (same). The Respondent does not, and could not, allege that these basic requirements have not been met.

5. <u>Production of the Subpoenaed Files is Not Unreasonably Broad or Burdensome</u>

Respondent does not and could not claim that compliance with the subpoena would impose an undue burden on its operations. EEOC has requested that Respondent produce seven employee discipline files, a limited, reasonable, task that will require little time, effort, or expense. It follows that the Court should enforce the subpoena where Respondent cannot show that the cost of compliance with the subpoena is "unduly burdensome in the light of the company's normal operating costs." *Md. Cup Corp.*, 785 F.2d at 479. Thus, the subpoena should be enforced.

**II.     The Subpoenaed Documents Cannot Be Withheld on Grounds That They Contain Confidential or Private Information**

While none has been articulated by Respondent, any legitimate concern regarding the disclosure of confidential information contained in subpoenaed files is extinguished by statute and is an insufficient basis for refusal to comply with the subpoena. Both 42 U.S.C. § 2000e-8(e) and EEOC's enforcing regulations found at 29 C.F.R. § 1601.22 specifically prohibit publication of information obtained by EEOC during the course of an investigation.

---

[2] 29 C.F.R. § 1601.16(a) states, in relevant part:

> The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission.

9

Simply put, violation of employee confidentiality is an insufficient basis upon which to deny enforcement of EEOC's administrative subpoena in this case. *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 312 (7th Cir. 1981) ("[C]onfidentiality is no excuse for noncompliance [with an EEOC subpoena] since Title VII [of the Civil Rights Act of 1964] imposes criminal penalties for EEOC personnel who publicize information obtained in the course of investigating charges of employment discrimination"). Title VII imposes strict restraints on the Commission and its employees to maintain the confidentiality of information learned during investigations and informal endeavors to conciliate. Indeed, Title VII incorporates the very provisions on which *Bay Shipbuilding* relied:

> It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information. Any officer or employee of the Commission who shall make public in any manner whatever any information in violation of this subsection shall be guilty of a misdemeanor and upon conviction thereof, shall be fined not more than $1,000, or imprisoned not more than one year.

42 U.S.C. §§ 2000e-5(b), 2000e-8(e). Hence, the Respondent's and employees' confidences are adequately protected.

Objections based on confidentiality are thereby rendered spurious and do not shield employers from compliance with EEOC requests for information. Relying on these statutory provisions, the Supreme Court rejected a university's argument that a court could, in its discretion, require the EEOC to show more than relevance as a condition to obtain confidential, tenure-review materials. *EEOC v. Univ. of Pa.*, 493 U.S. 182, 192 (1990). The Court noted that though the statute establishes no privilege to protect employees' privacy, "Congress did address situations in which an employer may have an interest in the confidentiality of its records" by making it unlawful under 42 U.S.C. § 2000e-8(e) (incorporated by 42 U.S.C. § 12117(a)) for the

10

AA-27

Commission to disclose information obtained under its investigative authority. 493 U.S. at 192. Thus, the confidences are protected. *Id.*

Numerous courts have required production of personnel files of non-charging parties over Respondents' objections based on confidentiality. *EEOC v. Uni. of N.M.*, 504 F.2d 1296 (10th Cir. 1974) (enforcing EEOC subpoena for personnel records); *EEOC v. Twp. of Howell*, 1991 U.S. Dist. LEXIS 11650 (D.N.J. 1991) (court ordered production of personnel files of all candidates for position of Chief of Police to EEOC without need to obtain release from individuals finding that confidentiality was preserved by statute); *cf. Univ. of Pa. v. EEOC*, 493 U.S. at 192-93 (EEOC's interest in and statutory right to review peer review materials outweighs need for confidentiality of such material); *EEOC v. Franklin & Marshall Coll.*, 775 F.2d 110 (3d Cir. 1985), *cert. denied*, 476 U.S. 1163 (1986) (grant of authority to EEOC warrants EEOC entitlement to any material EEOC deems relevant to its investigation.

Further, Respondent's refusal to comply with the subpoena only if EEOC agreed that neither the files nor their contents would be disclosed to Charging Party flies in the face of the mandate of Title VII and well-settled case law. As noted by the Supreme Court in *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 598 (1981), the charging party is not a member of the "public" to whom disclosure is prohibited.

In sum, the statutory and regulatory safeguards in place are sufficient to ensure that confidential and private information is reviewed only by persons authorized by statute to view it. Although EEOC has reviewed and explained these safeguards, Respondent continues in its refusal to comply with the EEOC's subpoena.

**IV.    Respondent Cannot Properly Refuse to Comply with the EEOC's Subpoena on Grounds that a Court Order Is Required under Guidelines Issued by the State Attorney General**

The only substantive objection raised by Respondent to date is that disclosure of the subpoenaed records are governed by the State Attorney General's Policies and Procedures and cannot be produced absent a "court order". Waldinger Dec. ¶ 13. The assertion that the state Attorney General's internal policies and procedures pre-empt EEOC's federally mandated statutory powers is simply incorrect.

Courts have repeatedly held that, given EEOC's federal mandate, state law restrictions must give way to EEOC requests for information. *EEOC v. Cnty of San Benito*, 818 F.Supp. 289 (N.D. Ca. 1993) (state law prohibition against release of peace officer personnel records preempted by Title VII); *cf. Garrett v. San Francisco*, 818 F.2d 1515 (9th Cir. 1987) (personnel records are discoverable in Title VII cases despite claims of privilege); *Carr v. Monroe Mfg. Co.*, 431 F.2d 384 (5th Cir. 1970) ("the special federal interest in seeking the truth in a federal question case may require disclosure despite the existence of a state rule holding the same communications privileged."). It is well settled that state law is preempted where, as here, it conflicts with or frustrates the scheme of federal law. *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658 (1993).

Further, Respondent's effort to use the Attorney General guidelines as a shield against compliance with an EEOC subpoena is a waste of EEOC and judicial resources. In affirming the preemptive force of an EEOC subpoena, the court in *EEOC v. City of Orange*, 905 F. Supp. 381 (D. Tex. 1995), aptly noted:

> Congress has designed an elaborate statutory scheme to combat discriminatory employment practices. As the federal agency with primary responsibility in this area, EEOC is empowered by statute to investigate charges of discrimination in employment. 42 U.S.C. sec. 2000e-5. Congress charged EEOC with conducting its investigation in a prompt and timely fashion. Id. Sec. 2000e-8(a). EEOC's investigative efforts into the employment practices of entities subject to the provisions of the Texas Government Code would be delayed significantly if a court order were

12

required to enforce every administrative subpoena served upon
these entities.  Accordingly, the Texas statute is preempted to the extent
that it thwarts the EEOC's efforts to carry out the manifest intent of the
Congress.

*Id.* at 2-3; *EEOC v. County of Hennepin*, 623 F. Supp. 29, 32 (D. Minn. 1985) (Title VII preempts state statute which requires that certain records can be released only upon a court order).

In fact, in civil litigation courts often order the release of internal affairs files even in the absence of federal preemption, and even in the absence explicit safeguards against public disclosure that are present here.  *See, e.g.*, *Groark v. Timek*, 989 F. Supp. 2d 378 (D.N.J. 2013); *Carchietta v. Russo*, C.A. No. 11-cv-7587, 2014 U.S. Dist. LEXIS 62344 (D.N.J. May 6, 2014); *Caver v. City of Trenton*, 192 F.R.D. 154 (D.N.J. 2000); *Beck v. City of Pittsburgh*, 89 F.3d 966; 974 (3d Cir. 1996); *Troso v. City of Atlantic City*, C.A. No. 10-1566, 2013 U.S. Dist. LEXIS 163420 (D.N.J. Nov. 15, 2013).  Here, given that federal law preempts the state guidelines, there are statutory and regulatory protections in place to ensure that confidential information is safeguarded, and the requested files are essential to EEOC's investigation, the Court should grant EEOC's Order and require production of the seven files in dispute.

### III. Conclusion

The Court should enforce the EEOC's subpoena. The subpoena seeks information relevant to a valid charge of discrimination that is within the EEOC's enforcement authority, is in the sole possession of Respondent, and is necessary for EEOC to continue its investigation. Respondent cannot establish that production of seven files would be unduly burdensome. The

13

Commission therefore urges the Court to issue the accompanying proposed Order to Show

Cause, and enforce the subpoena.

Respectfully Submitted,

Date: February 10, 2015

/s/ Rosemary DiSavino
Rosemary DiSavino
Senior Trial Attorney
Equal Employment Opportunity
Commission
One Newark Center, 21st Floor
Newark, N.J. 07102
rosemary.disavino@eeoc.gov
Telephone (973) 645-6430
Facsimile (973) 645-4524

14

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EQUAL EMPLOYMENT OPPORTUNITY      :
COMMISSION,                                     :
                                           :
               Applicant,            :
                                         :
        v.                              :
                                         :
CITY OF LONG BRANCH               :
                                         :
            Respondent.         :
                                         :

## <u>DECLARATION OF JOHN WALDINGER, AREA DIRECTOR, NEWARK AREA OFFICE, EEOC</u>

I, John Waldinger, declare under the penalty of perjury that the following is true and correct:

1.     I am the Director of the Newark Area Office of the Equal Employment Opportunity Commission ("EEOC"), and, in that role, I am responsible for the operations of the office, including the investigation of charges of employment discrimination.

2.     The Newark Area Office is responsible for investigating charges that employers have engaged in employment practices made unlawful by Title VII of the Civil rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII" ).

3.     Among the charges pending before EEOC in the Newark Area Office is Charge No. 17E-2013-00267, which was filed by Charging Party Lt. Lyndon B. Johnson against the City of Long Branch, Police Department ("Respondent").

4.     I supervise the work of the investigators, including Federal Investigators Dana Marucci and Philip Dudt, who were assigned to investigate this charge.

5.     I state the following based on my personal examination of the file relating to this Charge.

6.     On February 7, 2013, Charging Party filed a Charge of Discrimination against Respondent, alleging, *inter alia*, violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Charging Party alleged that he was subjected to harsher discipline than similarly situated white employees. A true and correct copy of the Charge of Discrimination is attached herein as Exhibit A.[1]

---

[1] EEOC has redacted the names of individuals from the correspondence attached to Exhibits A, C, H, and I to ensure confidentiality.

1

7.  Charging Party's file was transferred from the Philadelphia Office to the Newark
    Area Office of the EEOC and Respondent was served with a Notice of the Charge
    of Discrimination and copies of the Charge of Discrimination filed by Lt. Johnson
    in the summer of 2013.  A true and correct copy of those Notices are attached
    herein as Exhibit B.

8.  In its September 23, 2013 Statement of Position Respondent asserts that the
    disciplinary actions taken against Lt. Johnson are consistent with a race-neutral
    application of the Police Department's policies and standards and with
    disciplinary actions taken against Lt. Johnson's comparators.

9.  Investigator Marucci served Respondent with a Request for Information ("RFI")
    on December 30, 2013.  The request sought "all disciplinary records" for the
    Charging Party and six comparators.  A true and correct copy of EEOC's request
    for information is attached herein as Exhibit C.

10. On January 9, 2014, Respondent requested additional time, until February 15,
    2014, to respond to EEOC's request.

11. On February 12, 2014, Respondent notified EEOC that it was gathering
    documents responsive to EEOC's request but would produce them only if EEOC
    agreed to certain restrictions in the use and disclosure of the information
    contained in the files.  Among other things, Respondent refused to produce the
    documents unless EEOC agreed that EEOC's "opinions and conclusions shall not
    reveal the content" of the material "except by prior written agreement" and EEOC
    agreed that no part of the material shall be revealed "other than in the form of the
    EEOC's opinions and conclusions" to the Charging Party or the Charging Party's
    representative.  A true and correct copy of Respondent's letter is attached herein
    as Exhibit D.

12. In response to Respondent's concerns about ensuring the confidentiality of the
    contents of the files, EEOC Investigator Dudt notified Respondent of three
    separate statutory prohibitions against disclosure of EEOC's investigative files
    and confidential information within such files.  Investigator Dudt reiterated
    EEOC's request that Respondent produce the files of the seven individuals.  A
    true and correct copy of EEOC's letter is attached herein as Exhibit E.

13. Several weeks later, on May 21, 2014, Respondent advised EEOC that
    Respondent would not produce the files "absent a Court Order."  A true and
    correct copy of the email exchange containing Respondent's response to the
    EEOC is attached herein as Exhibit F.

14. On June 30, 2014, Investigator Dudt offered Respondent another chance to
    comply with EEOC's request.  A true and correct copy of Investigator Dudt's
    letter is attached herein as Exhibit G.

15.     Respondent's continued refusal to comply with EEOC's request for information then necessitated that EEOC issue a subpoena.  Investigator Dudt served Respondent with a copy of the subpoena via email on July 23, 2014 and mailed the subpoena that same day via certified return receipt requested.  The return receipt indicates that the subpoena was received via U.S. Postal Service two days later, on July 25, 2014.  A true and correct copy of the EEOC subpoena, the email confirmation, and the return receipt from the U.S. Postal Services are attached herein as Exhibit H.

16.     Rather than file a Petition to Revoke or Modify the Subpoena within five days, Respondent filed an undated "Motion to Quash" which was date-stamped as received by EEOC on August 7, 2014.  A true and correct copy of Respondent's papers, including the EEOC date-stamp, are attached herein as Exhibit I.

17.     In the interests of saving agency and judicial resources, EEOC personnel thereafter attempted to arrive at a mutually acceptable agreement with Respondent.  Respondent, however, continued to condition production of the files on EEOC's agreement to abide by restrictions in EEOC's use and disclosure of the documents, leaving EEOC with no alternative but to file the present Application.

18.     As of the date of this Declaration, Respondent has failed to produce the documents requested and then subpoenaed by the EEOC.

Date:  February 9, 2015

John Waldinger
Director, Newark Area Office
U.S. Equal Employment Opportunity Commission

Subscribed and sworn to before me this 9 day of February, 2015

Notary Public

Jadhira V. Rivera
Attorney-At-Law
Of the State of New Jersey
Authorized to Administer this Oath
Pursuant to N.J.S.A. 41:2-1

3

# Exhibit A

STATE OF NEW JERSEY
DEPARTMENT OF LAW & PUBLIC SAFETY
DIVISION ON CIVIL RIGHTS
DOCKET NUMBER:
EEOC CHARGE NO.:  17E-2013- 00267

Lyndon B. Johnson              )
                               )
                               )
COMPLAINANT                    )         VERIFIED COMPLAINT
                               )
-vs-                           )         Received and Recorded
                               )         Date: 02/07/2013
Long Branch Police Department  )         Department of Law and Public Safety
                               )         Division on Civil Rights
                               )         By: L. R. Johnson
RESPONDENT                     )
                               )

1. The Complainant resides at:



2. To the best of Complainant's knowledge and belief, the Respondent is known as:

   Long Branch Police Department

   and is located at:

   344 Broadway
   Long Branch, NJ 07740
   Monmouth County

AA-36

3.      Charge of Discrimination.

The above named Respondent is hereby charged with unlawful employment discrimination in violation of the named statutes with respect to the following charges:

3.1 Suspended based on **Race** in violation of the Civil Rights Act of 1964.

4.      PERSONAL HARM:

Complainant was suspended.

The charge is based on the following:

4.1 Complainant belongs to a protected class in that he is **Black**.

4.2 Respondent hired Complainant as a **Patrolman** in **August 1993** and in **November 2005** he assumed the duties of a **Lieutenant**.

4.3 Complainant alleges that since **May 2012** he has been subjected to the following:

-On **May 31, 2012,** he was informed that he was being suspended until **December 1, 2012**.
-On **December 1, 2012,** he was informed that his suspension was being extended until **June 1, 2013**.
-On **January 25, 2013,** he was informed that his suspension was being extended until **November 30, 2013**.

5.      RESPONDENT'S REASON FOR ADVERSE ACTION:

5.1. Respondent's Lieutenant, ████████, told Complainant that his May 31, 2012 to December 1, 2012 suspension was for making threatening and inappropriate comments to Respondent's dispatchers under his supervision. Lieutenant ████ told Complainant that his December 1, 2012 to June 1, 2013 suspension was for knowingly and purposely approving a police report that he knew to be false. Lieutenant ████ told Complainant that his suspension was being extended until November 30, 2013 because he improperly accessed the Criminal Justice Information System.

-3-

6.    DISCRIMINATION STATEMENT:

    6.1  Complainant alleges that he is being discriminated against because of his race.  Specifically Complainant denies any wrong doing and alleges that similarly situated non Black employees, namely ███████████████ ███████████████ have done the same things and worse, yet were not suspended.

-4-

7.  Said acts of discrimination occurred in the County of **Monmouth** in the State of New Jersey.

8.  The Complainant requests whatever relief is provided by law including, but not limited to, compensatory damages for economic loss, humiliation, mental pain and suffering.

9.  The Complainant has not instituted action in any court, either criminal or civil, regarding this matter.

x _____
                COMPLAINANT

STATE OF NEW JERSEY    )
                       ) SS:
COUNTY OF MERCER       )


Lyndon B. Johnson, of full age, being duly sworn according to law deposes and says; that he is the Complainant herein; that he has read the foregoing Complaint and knows the content thereof; that to the best of his knowledge, information and belief, the facts alleged therein are true.

x _____
                COMPLAINANT




TO: NEW JERSEY DIVISION ON CIVIL RIGHTS (NJDCR)
     AND
     EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC)

RE: _Lyndon B. Johnson_  vs  _Long Branch Police Dept._

EEOC and NJDCR have determined by a worksharing agreement that all charges initially received by EEOC which name Respondents with addresses in the STATE OF NEW JERSEY will be initially processed by EEOC. Also, charges initially received by NJDCR that name Respondents with addresses in the STATE OF NEW JERSEY will be processed by NJDCR. However, the determination as to the subsequent processing by either agency will be decided by the charging party. The choices for this processing are as follows: (indicated by initialing the selected option).

_____ I elect to waive all rights to an EEOC investigation. I understand that this means that the only Investigation of my charge will be done by the NJDCR and that I have waived all of my federal rights as provided me by EEOC.

_Initials_ _LBJ_ I elect to waive my rights to a NJDCR investigation. I understand that this means that the only Investigation of my charge will be done by EEOC and I have therefore waived all my state rights provided for me by the NJ Law Against Discrimination.

_____ I elect to also file my charge with EEOC. I understand that this means that my federal rights are preserved and that EEOC may file my charge. However, EEOC will not begin any active processing of my charge until the closure of my charge by the NJDCR, unless warranted.

I herein certify that the above choices have been fully explained to me by the NJDCR intake officer.

_____
(Signature)

_Feb. 7, 2013_
(Date)

# Exhibit B

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mr. Howard Woolley<br>Business Administrator<br>LONG BRANCH POLICE DEPARTMENT<br>344 Broadway<br>Long Branch, NJ 07740 | **Lyndon Johnson** |

THIS PERSON (check one or both)

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

**17E-2013-00267**

### NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by to

If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Eris Yarborough<br>Intake Supervisor | **Newark Area Office**<br>**1 Newark Center**<br>**21st Floor**<br>**Newark, NJ 07102**<br>**Fax: (973) 645-4524** |
|---|---|
| *EEOC Representative* | |
| *Telephone*    **(973) 645-6016** | |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] Race   [ ] Color   [ ] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [ ] Disability   [ ] Retaliation   [ ] Genetic Information   [ ] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **July 18, 2013** | **Spencer H. Lewis, Jr.**<br>**District Director, Philadelphia District Office** | |

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| TO: **Newark Area Office**<br>**1 Newark Center**<br>**21st Floor**<br>**Newark, NJ 07102** | Date **August 14, 2013**<br>EEOC Charge No.<br>**17E-2013-00267**<br><br>FEPA Charge No.<br>**EN25RM63709** |

CHARGE TRANSMITTAL

SUBJECT:

| **Lyndon Johnson** | v. | **LONG BRANCH POLICE DEPARTMENT** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC      ☐ _____ on **Jul 24, 2013**

*Name of FEPA*       *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver      ☐ FEPA waives

☐ No waiver requested      ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge,*
*and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name and Title of EEOC or FEPA Official<br>**Amparo Soto, Acting Director** | Signature/Initials<br>*Amparo Soto* |
|---|---|

| **Lyndon Johnson** | v. | **LONG BRANCH POLICE DEPARTMENT** |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name and Title of EEOC or FEPA Official<br>**Corrado Gigante, Director** | Signature/Initials |
|---|---|

| | |
|---|---|
| TO: **Newark Area Office**<br>**1 Newark Center**<br>**21st Floor**<br>**Newark, NJ 07102** | Date **August 14, 2013**<br>EEOC Charge No.<br>**17E-2013-00267**<br>FEPA Charge No.<br>**EN25RM63709** |



**EEOC PHILADELPHIA DISTRICT OFFICE**
**NOTICE OF SETTLEMENT OPPORTUNITY & NOTICE OF TRANSFER OF CHARGE**

Charge Number: 17E-2013-00267
Case Name:   Lyndon Johnson v. Long Branch Police Department

The above-referenced charge of employment discrimination has been
received by the Philadelphia District Office of the Equal Employment
Opportunity Commission (EEOC) and assigned the above charge number.
In most instances, the EEOC initiates its investigation of charges by
sending the Respondent a Request for Information (RFI).  The initial
RFI for this charge, if necessary, will be sent to Respondent at a
later date under separate cover.

In addition, the Commission generally attempts to negotiate a
settlement for each charge.  For such settlements, the EEOC
representative attempts to facilitate settlement discussions between
the two parties in the hopes of obtaining an agreement mutually
satisfactory to the parties and to EEOC.  If such a settlement is
negotiated, the Commission will prepare a Settlement Agreement to be
signed by all parties, including EEOC.

Negotiated Settlement Agreements typically include the following:
a)   a description of the relief to be provided to the Charging
Party as a result of the Agreement;
b)   means of monitoring to insure that the terms of relief are met;
c)   a statement which expressly indicates that the Respondent is
not acknowledging any violation of the statute(s) under which the
charge was filed;
d)   a clause prohibiting retaliation; and
e)   a waiver by the Charging Party of his/her private suit rights
under the applicable statutes administered by EEOC.

In addition, a Settlement Agreement concludes EEOC's investigation of
the subject charge.  Such EEOC closure would eliminate the need
thereafter for Respondent to prepare statements, to respond to RFIs,
to make witnesses available or to otherwise respond to the
Commission's investigation.

Although Respondent will be contacted by an EEOC representative to
discuss the possibility of settlement, the Commission's increasing
inventory has resulted in some delay before such settlement efforts
can be initiated.  However, if Respondent at this time is interested
in pursuing settlement, the Respondent representative is invited to
contact EEOC directly as a means of insuring expedited settlement
discussions.  If that is Respondent's intent, please contact the EEOC
representative as identified on the following page within 15 days of
the date of mailing of this Notice.



## NOTICE OF TRANSFER

Because the Respondent is located within the geographical jurisdiction of EEOC's Newark Area Office, the charge is being transferred to that office for all further EEOC processing.   You will be contacted by that office as appropriate.  However, please address all further communications directly to the Newark Area Office, as follows:

      EEOC
        Newark Area Office
        One Newark Center, 21st Floor
        Newark, NJ 07102
        973-645-4684

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mr. Howard Woolley<br>Business Administrator<br>LONG BRANCH POLICE DEPARTMENT<br>344 Broadway<br>Long Branch, NJ 07740 | **Lyndon Johnson** |

**THIS PERSON** *(check one or both)*

| X | Claims To Be Aggrieved |
|---|---|
| | Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.

**17E-2013-00267**

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

| [X] Title VII of the Civil Rights Act (Title VII) | [ ] The Equal Pay Act (EPA) | [ ] The Americans with Disabilities Act (ADA) |
|---|---|---|
| [ ] The Age Discrimination in Employment Act (ADEA) | | [ ] The Genetic Information Nondiscrimination Act (GINA) |

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **16-SEP-13** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **26-AUG-13** to **Ralph Charles, ADR Coordinator, at (973) 645-6655**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Amparo Soto,<br>Acting Director | Newark Area Office<br>1 Newark Center<br>21st Floor<br>Newark, NJ 07102<br>Fax: (973) 645-4524 |
|---|---|
| *EEOC Representative* | |
| *Telephone* (973) 645-5978 | |

Enclosure(s): [X] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

| [X] Race | [ ] Color | [ ] Sex | [ ] Religion | [ ] National Origin | [ ] Age | [ ] Disability | [ ] Retaliation | [ ] Genetic Information | [ ] Other |
|---|---|---|---|---|---|---|---|---|---|

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **August 14, 2013** | **Amparo Soto,**<br>**Acting Director** | *Amparo Soto* |

AA-46

*Enclosure with EEOC*
*Form 131 (11/09)*

 

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

|  | PERSON FILING CHARGE |
|---|---|
| Mr. Howard Woolley<br>Business Administrator<br>LONG BRANCH POLICE DEPARTMENT<br>344 Broadway<br>Long Branch, NJ 07740 | **Lyndon Johnson** |

**THIS PERSON** (check one or both)

| X | Claims To Be Aggrieved |
|---|---|
|  | Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.

**17E-2013-00267**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

| X | Title VII of the Civil Rights Act (Title VII) | | The Equal Pay Act (EPA) | | The Americans with Disabilities Act (ADA) |
|---|---|---|---|---|---|
| | The Age Discrimination in Employment Act (ADEA) | | The Genetic Information Nondiscrimination Act (GINA) | | |

The boxes checked below apply to our handling of this charge:

1. ☐ No action is required by you at this time.

2. ☐ Please call the EEOC Representative listed below concerning the further handling of this charge.

3. ☒ Please provide by **09-SEP-13** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. ☐ Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. ☐ EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **John  Waldinger,**<br>**Enforcement Supervisor**<br><br>*EEOC Representative*<br><br>*Telephone*   **(973) 645-6021** | **Newark Area Office**<br>**1 Newark Center**<br>**21st Floor**<br>**Newark, NJ 07102**<br>**Fax: (973) 645-4524** |
|---|---|

Enclosure(s): ☒ Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

| X Race | | Color | | Sex | | Religion | | National Origin | | Age | | Disability | | Retaliation | | Genetic Information | | Other |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**See enclosed copy of charge of discrimination.**

| Date<br><br>**August 19, 2013** | Name / Title of Authorized Official<br><br>**Amparo  Soto,**<br>**Acting Director** | Signature<br><br>*Amparo Soto* |
|---|---|---|

AA-48

 

*Enclosure with EEOC*
*Form 131 (11/09)*

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

# Exhibit C



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

1 Newark Center, 21ˢᵗ Floor
Newark, NJ 07102-5233
(973) 645-4689
TTY (973) 645-3004
FAX (973) 645-4524

**Our Ref: Charge Number 17E-2013-00267**
**Lyndon B. Johnson v. Long Branch Police Department**

Emery J. Mishky, Esq.
Margolis Edelstein
Connell Corporate Office
400 Connell Drive, Suite 5400
Berkeley Heights, NJ 07922

Dear Mr. Mishky,

In order to conduct a complete and thorough investigation into the above referenced matter, the Commission requests all disciplinary records for the following individuals:

1.
2.
3.
4.
5.
6.
7.



Please provide the above information by **January 15, 2014**. If you have questions or wish to discuss this submission please feel free to call. I can be reached at **973-645-4689** between the hours of **7:30 a.m. and 4:00 p.m.** We appreciate your cooperation with the Equal Employment Opportunity Commission in this matter.

Sincerely,

December 30, 2013
Date

Dana M. Marucci
Investigator
(973) 645-4689

# Exhibit D



**MARGOLIS EDELSTEIN**

Attorneys At Law
www.margolisedelstein.com

EMERY J. MISHKY, ESQ.
Direct Dial No.: 908-790-7761
emishky@margolisedelstein.com

**NORTH NEW JERSEY OFFICE:**
Connell Corporate Center
400 Connell Drive
Suite 5400
Berkeley Heights, NJ 07922
908-790-1401
Fax 908-790-1486

SOUTH NEW JERSEY OFFICE:*
100 Century Parkway
Suite 200
Mt. Laurel, NJ 08054a
856-727-6000
Fax 856-727-6017

PHILADELPHIA OFFICE:*
The Curtis Center
170 S. Independence Mall West
Suite 400E
Philadelphia, PA 19106-3337
215-922-1100
Fax 215-922-1772

HARRISBURG OFFICE:*
3510 Trindle Road
Camp Hill, PA 17011
717-975-8114
Fax 717-975-8124

PITTSBURGH OFFICE:*
522 William Penn place
Suite 3300
Pittsburgh, PA 15219
412-281-4256
Fax 412-642-2380

SCRANTON OFFICE:
220 Penn Avenue
Suite 305
Scranton, PA 18503
570-342-4231
Fax 570-342-4841

DELAWARE OFFICE:
750 Shipyard Drive
Suite 102
Wilmington, DE 19801
302-888-1112
Fax 302-888-1119

*Member of the Harmonie Group

February 12, 2014

Dana M. Marucci, Investigator
U.S. Equal Employment Opportunity Commission
Newark Area Office
1 Newark Center, 21st Floor
Newark, NJ 07102-5233

Re:     Johnson v. City of Long Branch
        Our File Number: EJM / 51150.5-00017
        EEOC Charge No.: 17E-2013-00267

Dear Mr. Marucci:

        This office represents the City of Long Branch in the above captioned Equal Employment Opportunity Commission ("EEOC") charge filed by Mr. Lyndon Johnson. We are responding to your letter of December 30, 2013.

        We are preparing materials responsive to your letter request. Due to the scope of the request and the number of persons involved this is a time consuming task. Before we produce the materials requested we request written agreement to accommodate our duties of maintaining privacy and confidentiality owed to our employees and past employees with respect to the documents requested.

        We request that the EEOC agree to protect the confidentiality of the documents and information as requested by its correspondence dated December 30, 2013; as a response would involve the disclosure of confidential information and sensitive employment and personal information. The EEOC agrees that all designated "Confidential" material shall be used by the EEOC solely for the purposes of evaluation of the above-captioned matter. The EEOC agrees that it shall not use or reveal designated "Confidential" materials either directly, or indirectly, for any business, commercial, competitive, personal or other purpose, and such material shall not be disclosed by the EEOC to anyone other than as set forth above unless and until the restrictions herein are removed either by written agreement between EEOC and the producer or by Order of a Court

AA-53

Page 2                                                              February 12, 2014
Re: Johnson v. City of Long Branch
Our File No.:  EJM / 51150.5-00017 / 2013014739

of competent jurisdiction.  It is, however, understood that the EEOC may form opinions and conclusion relating to the above-captioned matter based on its evaluation of Confidential material provided, but that such opinions and conclusions shall not reveal the content of such Confidential materials except by prior written agreement.

The EEOC agrees that no material designated "Confidential" material shall be provided, published, or otherwise revealed, in whole or in part, other than in the form of the EEOC's opinions and conclusions, as set forth above, to the claimant Lyndon B. Johnson and/or his counsel, representative, or the like.

Please indicate your agreement to the terms set forth in this correspondence by signing below, and returning to our office.

Very truly yours,

MARGOLIS EDELSTEIN

By: _____
        EMERY J. MISHKY

EJM/ms

*******************************************************************************

Agreed to:

Dated: _____              By:_____
                                      Dana M. Marucci
                                      Investigator
                                      On behalf of the EEOC

# Exhibit E



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

1 Newark Center, 21ˢᵗ Floor
Newark, NJ 07102-5233
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Newark Status Line: (866) 408-8075
Newark Direct Dial: (973) 645-4684
TTY (973) 645-3004
FAX (973) 645-4524

**Emery Mishky, Esq.**
**Margolis Edelstein LLP**
**Connell Corporate Center**
**400 Connell Dr., Suite 5400**
**Berkeley Heights, NJ 07922**

Re: Johnson v. City of Long Branch, 17E-2013-00267

**Dear Mr. Mishky:**

This is to address your request for the Commission to enter into a confidentiality agreement before the production of certain information, as referenced in your letter dated February 12, 2014.

The Commission is prohibited from disclosing charges and charge information to the general public, according to Sections 706(b) and 709(e) of Title VII. Section 2000e-8(e) further provides, "it shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information." Further, the Privacy Act of 1974 prohibits the EEOC from disclosing any record in any EEOC system of records without the prior written consent of the individual to whom the record pertains, unless disclosure is specifically permitted by the act.

Similarly, the Freedom of Information Act ("FOIA") 5 U.S.C. 552 (1988) provides that any person has an enforceable right of access to federal agency records except to the extent that such records are protected from disclosure by one or more of nine exemptions. The FOIA includes these exemptions in order to protect private party interests. As such, the Commission's practice is to deny the Freedom of Information Act request of a non-party for the investigatory file pursuant to exemption 3 of the FOIA, 5 U.S.C. 552(b)(3), which incorporates the limits of confidentiality specifically granted in other statutes.

As the above indicates, this agency is forbidden from disclosing charge information entrusted to it except under strictly defined circumstances. We provide the above explanations to dispel fears that confidentiality cannot be guaranteed. In the normal course of work, we obtain private information of many types, including compensation, medical, financial. Our statutes protect its confidentiality, as does our database and our staff.

Therefore, please be advised that the Commission simply cannot enter into such an agreement. The Commission requires all of the outstanding information requested in its request for information dated December 30, 2013 in order to complete its investigation and will exhaust all administrative steps to obtain same. Accordingly, please be advised that failure to submit all of the outstanding information identified in our request for information on or before April 16, 2014 will result in the Commission issuing a subpoena, pursuant to the appropriate statute and EEOC guidelines.

I thank you for your anticipated cooperation. Should you have any questions, my direct line is (973) 645-5975.

Date:

Sincerely yours,

**Philip Dudt**
**Investigator**

# Exhibit F

## PHILIP DUDT - Re: Johnson v. City of Long Branch

**From:** Emery Mishky <emishky@margolisedelstein.com>
**To:** PHILIP DUDT <PHILIP.DUDT@eeoc.gov>
**Date:** 5/21/2014 4:06 PM
**Subject:** Re: Johnson v. City of Long Branch

Mr. Dudt:

I have a response from my client. My Client has been advised by the Police Officers' Union, that my client is not authorized to release the information that you seek absent a Court Order. Under the circumstances, my client cannot make production as requested. Please let me know if you need any further information from me. Of course, I am also available to discuss.

Emery

On Fri, May 2, 2014 at 9:04 AM, PHILIP DUDT <PHILIP.DUDT@eeoc.gov> wrote:

> Emery,
> Sure, it's no problem. Thanks. Have a good weekend.
> Phil

> >>> Emery Mishky <emishky@margolisedelstein.com> 5/2/2014 9:00 AM >>>
> Mr. Dudt:
>
> I did indeed receive your correspondence and immediately commenced a dialog with my client to address your position. I am, and have been, actively involved in that dialog, and anticipate an end point decision within a few business days. May I let you know by Monday or Tuesday of next week? Of course hoping for earlier.
>
> Emery

On Fri, May 2, 2014 at 8:04 AM, PHILIP DUDT <PHILIP.DUDT@eeoc.gov> wrote:

> Dear Mr. Mishky:
> I have previously sent you a correspondence dated April 2, 2014, which addressed your confidentiality concerns as well as set a deadline of 4/16/2014 to produce the outstanding information. To date, we have not received same. We indicated that failure to adhere to this date would result in the issuance of a subpoena, pursuant to the appropriate statute and EEOC guidelines. Kindly contact me upon receipt of this e-mail to advise of the status of the submission. I can be reached at (973) 645-5975. Thanks for your assistance in this matter.
> Philip Dudt
> Investigator



Emery J. Mishky, Esq.
office: 908-790-7761 fax: 908-790-1486
mobile: 732-406-1601
email: emishky@margolisedelstein.com

# Exhibit G



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

1 Newark Center, 21ˢᵗ Floor
Newark, NJ 07102-5233
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Newark Status Line: (866) 408-8075
Newark Direct Dial: (973) 645-4684
TTY (973) 645-3004
FAX (973) 645-4524

Emery Mishky, Esq.
Margolis Edelstein LLP
Connell Corporate Center
400 Connell Dr., Suite 5400
Berkeley Heights, NJ 07922

Re: Johnson v. City of Long Branch, 17E-2013-00267

Dear Mr. Mishky:

I have received your response to the Commission's letter dated April 2, 2014. You have indicated that Respondent will not produce the information that the Commission has requested in order to complete its investigation.

It is the EEOC's position that unless we receive a full response to our request for information by *July 17, 2014*, the Commission will infer that your refusal to cooperate with the investigation means that examination of your evidence will support the Charging Party's allegations, and the Commission will render a determination to that effect.

I thank you for your anticipated cooperation. Should you have any questions, my direct line is (973) 645-5975.

Sincerely yours,

Date: 6 - 30 - 2014

Philip Dudt
Investigator

AA-61

# Exhibit H

EEOC Form 136
(11/99)

# UNITED STATES OF AMERICA
### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# SUBPOENA

TO: Howard Woolley
Business Administrator
Long Branch Police Department
344 Broadway
Long Branch, NJ 07740

NO: NY-A14-011

IN THE MATTER OF: Johnson v. Long Branch Police Dept.

Charge No. 17E-2013-00267

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official, YOU ARE HEREBY REQUIRED AND DIRECTED TO:

☐ Testify before:               ☐ Produce and bring * or    ☒ Mail * the documents described below to:

☐ Produce access to the evidence described below for the purpose of examination or copying to:

Philip Dudt, Investigator                          of the Equal Employment Opportunity Commission

at USEEOC, One Newark Ctr., 21st flr., Newark, NJ 07102     on August 8, 2014       at 3:00 p.m.    o'clock

The evidence required is

1. Provide a copy of any and all documents which refer to or address the disciplinary records for ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

This subpoena is issued pursuant     ☒ (Title VII) 42 U.S.C. 2000e-9     ☐ (ADEA) 29 U.S.C. 626(a)     ☐ (EPA) 29 U.S.C. 209
                                      ☐ (ADA) 42 U.S.C. 12117(a)     ☐ (GINA) 42 U.S.C. 2000ff-6

ISSUING OFFICIAL (Typed name, title and address)          ON BEHALF OF THE COMMISSION

John Waldinger, Area Director
USEEOC, One Newark Ctr., 21st flr.
Newark, NJ 07102                    _____   7-23-14
                                                              Date

*NOTICE TO PERSON SUBPOENAED - The Commission will not pay witness fees or travel expenses for the delivery of required documents to a Commission office unless the box "Testify before" is also checked on the subpoena.

## SUBPOENA
### PROOF OF SERVICE

I hereby certify that being over 18 years of age and not a party to or any way interested in these proceedings, I duly served a copy of the subpoena on the persons named in this subpoena.

☐ In person
☑ by certified mail

☐ by leaving a copy with a responsible person, at the principal office or place of business, to wit:

Name _____ Philip Dudt _____

Position _____ Investigator _____

Address _____ USEEOC ONE Newark Ctr, 21st Flr Newark, NJ 07102 _____

On _____ 7-23-2014 _____
_____ (Mo, day & year)

_____ pm SM _____
_____ (Signature of person making service)

_____ Investigator _____
_____ (Official title, if any)

State _____ NJ _____

Parish/County _____ Essex _____

### CERTIFICATION OF ATTENDANCE

I certify that the person named herein was in attendance and satisfactorily produced the records requested or gave oral testimony at

_____

On _____
_____ (Mo, day & year)

_____
_____ (Signature of person making service)

_____
_____ (Official title, if any)

Page 2 of Form 136 (11/09)

TX Status Report

Date: 07/23/2014 10:55pm
Name: EEOC
ID:   919736454524

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Newark Area Office

1 Newark Center, 21st Floor
Newark, NJ 07102-5233
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Newark Status Line: (866) 408-8075
Newark Direct Dial: (973) 645-3984
TTY (973) 645-3004
FAX (973) 645-4524
Website: WWW.EEOC.GOV

**FAX TRANSMITTAL**

TO:- _Every Muhly, Esq_   Fax # _(908) 790 - 1486_

FROM: _Philip Dudt_   Phone # _(973) 645-5775_

DATE: _7-23_   No. of Pages (including this) _2_

SUBJECT: _Subpoena # NY-A14-011_

Message: _See attached_

_____

_____

_____

_____

_____

**Confidentiality Note:** The information contained in this facsimile transmittal sheet and the document(s) that follow are for the exclusive use of the addressee and may contain information protected by the Privacy Act, 5 U.S.C. 552a, or otherwise confidential, privileged, or non-disclosable information. If the recipient of this facsimile is not the addressee or is not the person responsible for delivering this facsimile to the addressee, the recipient may violate the law by reading, photocopying, distributing or otherwise using this facsimile transmission or its contents in any way. If the recipient has received this facsimile transmission in error, call the sending office immediately.

| No.<br>048 | Date/Time<br>07/23/2014 10:54pm | Comm. Type<br>TX | Duration<br>'00"51 | Sender/Destination<br>919087901486 | Pages<br>2 | Results<br>OK |

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Howard Woollen, Bus. Adm.
Long Branch Police Dept
344 Broadway
Long Branch, NJ 07740

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
_____ 2.15.14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number:
(Transfer from service label)     7010 2780 0001 8787 2574

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

AA-66

# Exhibit I

**MARGOLIS EDELSTEIN**
400 Connell Drive-Suite 5400
Berkeley Heights, NJ 07922-2775
(908) 790-1401
Attorney for Defendant, City of Long Branch
EJM/51150.5-00017
Attorney ID No.:

| | |
|---|---|
| LYNDON JOHNSON | SUPERIOR COURT OF NEW JERSEY |
| | DEPART. OF LAW & PUBLIC SAFETY |
| Complainant, | DIVISION ON CIVIL RIGHTS |
| | DOCKET NUMBER: |
| | EEOC CHARGE NO. 17E |
| v. | |
| | Civil Action |
| CITY OF LONG BRANCH | |
| | |
| Respondent, | **NOTICE OF MOTION TO QUASH** |
| | **SUBPOENA** |

TO:     John Waldinger, Enforcement Supervisor
        c/o Equal Employment Opportunity Commission
        Newark Area Office
        1 Newark Center
        21st Floor
        Newark, NJ 07102

COUNSELOR:

PLEASE TAKE NOTICE that the undersigned respond to the U.S. Equal Employment

Opportunity Commission, at the Newark Area Office, by filing herein Motion to  Quash

Subpoena.  Attached hereto is a Certification upon which I shall rely.

I hereby certify that the original Notice of Motion is filed with the  U.S. Equal

Employment Opportunity Commission, Newark, New Jersey via Lawyers Service mail, and a

copy was served upon:

RECEIVED

2014 AUG -7 PM 12: 51

EEOC NEWARK
AREA OFFICE

John Waldinger, Enforcement Supervisor
c/o Equal Employment Opportunity Commission
Newark Area Office
1 Newark Center
21st Floor
Newark, NJ 07102

James L. Plosia, Jr., Esq.
Apruzzese, McDermott, Mastro & Murphy, PC
25 Independence Boulevard
Warren, New Jersey 07059

David DeFillippo, Esq.
Detzky Hunter & DeFillippo, LLC
45 Court Street
Freehold, NJ 07728

via Lawyer Service, on the date hereof pursuant to R.1:6-3.


By: _____
STEPHANIE Y. CHO, ESQ.

Dated:

**MARGOLIS EDELSTEIN**
400 Connell Drive-Suite 5400
Berkeley Heights, NJ 07922-2775
(908) 790-1401
Attorney for Defendant, City of Long Branch
EJM/51150.5-00017
Attorney ID No.:

| | |
|---|---|
| LYNDON JOHNSON | SUPERIOR COURT OF NEW JERSEY |
| | DEPART. OF LAW & PUBLIC SAFETY |
| Complainant, | DIVISION ON CIVIL RIGHTS |
| | |
| | EEOC CHARGE NO. 17E |
| v. | |
| | Civil Action |
| CITY OF LONG BRANCH | |
| | |
| Respondent, | **CERTIFICATION** |

I, STEPHANIE Y. CHO, of full age, hereby certify as follows:

1.      I am an attorney at law of the State of New Jersey and associated with Margolis Edelstein and entrusted with the defense of City of Long Branch in the above-captioned matter.

2.      The claimant, Lyndon Johnson, alleges wrongful discharge from his position with the Police Department of City of Long Branch.

3.      The respondent received a subpoena for release of disciplinary records of various Officers.  (See Attached Exhibit A, a copy of the Subpoena)

4.      Prior requests for these records were formally objected to by Mr. David DeFillippo, counsel for Long Branch PBA Local #10.  (See Attached Exhibit B, a copy of Mr. DeFillippo's correspondences dated June 23, 2014 and June 9, 2014)

5.      The subpoenaed records are objected to under Internal Affairs Policy and Procedures (Rev. 2014) issued by the New Jersey General's Office since these records are

Confidential.  (See Attached Exhibit C, a copy of Internal Affairs Policy and Procedures (Rev.

2014).

      6.     The relevant paragraphs of Internal Affairs Policy and Procedures under Page 42

of the Guideline by New Jersey General's Office are cited below:

**Confidentiality**

**The nature and source of internal allegations, the progress of internal affairs investigations, and the resulting materials are confidential information. The contents of the internal investigation case files shall be retained in an Internal Affairs Unit and clearly marked as confidential.  The information and records of an internal investigation shall only be released under the following limited circumstances:**

        **In the event that administrative charges have been brought against an officer and a hearing will be held, a copy of all discoverable material shall be provided to the hearing officer in advance of hearing.**

        **In the event that the subject officer, agency or governing jurisdiction has been named as a defendant in a lawsuit arising out of the specific incident covered by an internal investigation, a copy of the internal investigation reports may be released to the attorney representing the subject officer, agency or jurisdiction.**

        **Upon request or at the direction of the county prosecutor or Attorney General.**

        **Upon a court order.**

      7.     The subpoena seeks confidential disciplinary records of various Officers, who

have no involvement in the claimant's matter, and this is contrary to the Policy and Procedures

of Internal Affairs which has strict requirements for release of such records.

      8.     As previously stated, the respondent is not in privy to disclose the subpoenaed

records unless EEOC meets the criteria as set-forth in the Policy and Procedures, or in the

alternative, guarantee Confidentially of these records.

      9.     Accordingly, the respondent object to the subpoena of these disciplinary records

and seek to quash the subpoena.

      10.    I hereby certify that the foregoing statements made by me are true.  I am aware that

if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

MARGOLIS EDELSTEIN
Attorneys for Respondent, City of Long Branch

By: _____

STEPHANIE Y. CHO, ESQ.

DATED:

# EXHIBIT

# A

07/23/2014 10:55pm     EEOC              919738454524              #048        Page 02/02

EEOC Form 136
(11/09)

# UNITED STATES OF AMERICA
### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## SUBPOENA

TO: Howard Woolley
Business Administrator
Long Branch Police Department
344 Broadway
Long Branch, NJ 07740                                        NO: NY-A14-011

IN THE MATTER OF: Johnson v. Long Branch Police Dept.

Charge No. 17E-2013-00267

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official, YOU ARE HEREBY REQUIRED AND DIRECTED TO:

☐ Testify before:

☐ Produce and bring * or     ☒ Mail * the documents described below to:

☐ Produce access to the evidence described below for the purpose of examination or copying to:

Philip Dudt, Investigator

of the Equal Employment Opportunity Commission

at USEEOC, One Newark Ctr., 21st flr., Newark, NJ 07102        on August 8, 2014        at 3:00 p.m.        o'clock

The evidence required is

1. Provide a copy of any and all documents which refer to or address the disciplinary records for ███████ and ███████

This subpoena is issued pursuant     ☒ (Title VII) 42 U.S.C. 2000e-9     ☐ (ADEA) 29 U.S.C. 626(a)     ☐ (EPA) 29 U.S.C. 209
☐ (ADA) 42 U.S.C. 12117(a)     ☐ (GINA) 42 U.S.C. 2000ff-6

ISSUING OFFICIAL (Typed name, title and address)                ON BEHALF OF THE COMMISSION

John Waldinger, Area Director
USEEOC, One Newark Ctr., 21st flr.
Newark, NJ 07102                                    7-23-14                
                                                    Date

*NOTICE TO PERSON SUBPOENAED - The Commission will not pay witness fees or travel expenses for the delivery of required documents to a Commission office unless the box "Testify before" is also checked on the subpoena.

# EXHIBIT
# B



**Detzky**
**Hunter**
**& DeFillippo, LLC**

*Michael L. Detzky, Esq.
Stephen B. Hunter, Esq.
David J. DeFillippo, Esq.

*Also Member of NY Bar

Reply to: Freehold

Freehold Office:
45 Court Street
Freehold, New Jersey 07728
732-780-3090
Fax: 732-308-3866
mldetzky@detzkylaw.com
davedefillippo@aol.com

Somerville Office:
33 North Bridge Street
Somerville, New Jersey 08876
908-707-4560
Fax: 908-707-0899
dhlaw@optonline.net

June 23, 2014

Philip Dudt, Investigator
U.S. Equal Employment Opportunity Commission
One Newark Center, 21st Floor
Newark, NJ 07102-5233

Re:     **Johnson vs. City of Long Branch**
         **17E-2013-00267**

Dear Investigator Dudt:

Please be advised that the undersigned represents the members of the Long Branch PBA Local #10 (hereinafter referred to as the PBA). I am in receipt of a letter you forwarded to Emery Mishky, Esq., dated April 2, 2014, relative a complaint filed against the City by Lt. Lyndon Johnson of the Long Branch Police Department. This correspondence was forwarded to my office by the City's attorney, James L. Plosia, Jr., Esq.

Mr. Plosia further advises that the counsel for Lt. Johnson, whom I believe is Jessica L. Arndt, Esq., has requested that the internal affairs or other disciplinary records of various members of the PBA. To the extent that my understanding is correct, please accept this correspondence as the PBA's formal objection to disclosure of any disciplinary or other internal affairs records of our members to any third party.

As reinforced in the Internal Affairs Policy and Procedures (Rev. September 2011) issued by the New Jersey Attorney General's Office[1], such records are clearly confidential. On Page 47 of the aforesaid Guidelines, the following passage appears:

> The nature and source of internal allegations, the progress of internal affairs investigations, and the resulting materials are confidential information. The contents of the internal investigation case files shall be retained in an Internal Affairs unit and clearly marked as confidential. The information and records of an internal investigation shall only be release under the following limited circumstances:

---

[1] Pursuant to N.J.S.A. 40A:14-181 [e]very law enforcement agency shall adopt and implement guidelines which shall be consistent with the "Internal Affairs Policy and Procedures" adopted by the Attorney General's Office.

- In the event that administrative charges have been brought against and officer and a hearing will be held, a copy of all discoverable material shall be provided to the hearing officer in advance of hearing.

- In the event that the subject officer, agency or governing jurisdiction has been named as a defendant in a lawsuit arising out of the specific incident covered by an internal investigation, a copy of the internal investigation reports may be released to the attorney representing the subject officer, agency or jurisdiction.

- Upon request or at the direction of the county prosecutor or Attorney General.

- Upon a court order. (See attached).

To my knowledge, none of the circumstances highlighted above are present in the case pending before the Commission.

Respectfully submitted,

DJD/ca

David J. DeFilippo

Cc:     Jessica L. Arndt, Esq. (Via email)
        James L. Plosia, Jr., Esq. (Via email)
        Scott Beaver, PBA Delegate (Via email)

**MARGOLIS EDELSTEIN**
BY: Emery J. Mishky (EM-6337)
400 Connell Drive, Suite 5400
Berkeley Heights, NJ 07922-2775
(908) 790-1401
(908) 790-1486 (fax)
Attorney for Respondent, City of Long Branch
EJM/51150.5-00017
emishky@margolisedelstein.com
NJ Attorney ID No.: 022891986

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

     Applicant,

v.

CITY OF LONG BRANCH,

     Respondent.

Civil Action No. 3:15-cv-01081-MAS-TJB

## MEMORANDUM IN SUPPORT OF OPPOSITION TO EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE ON ITS SUBPOENA FOR RELEASE OF SEVEN (7) POLICE OFFICERS EMPLOYMENT/PERSONNEL RECORDS

This case is before the Court on the application made by the Equal Employment

Opportunity Commission ("EEOC") for an Order to Show Cause why a subpoena should not be

enforced. We represent the respondent, City of Long Branch Police Department, in the above

captioned matter wherein a claimant, Mr. Lyndon Johnson, filed Notice of Charge with the

EEOC. Mr. Johnson alleges racial discrimination was a basis for his suspensions and the

resulting termination from his employment with the Police Department. (See Exhibit A, a copy

of September 23, 2013 correspondence). In its investigation of Mr. Johnson's complaint, the

EEOC has requested that the respondent produce personnel and disciplinary records of seven (7) former and current police officers of the Long Branch Police Department. These seven officers are not a subject of, nor are in anyway involved in, Mr. Johnson's complaint. Nonetheless, the respondent has agreed to produce the requested documents subject to the preservation of the privacy and confidentiality of these sensitive employment and personnel information for non parties. To do so, the respondent simply requested that the EEOC execute a confidentiality agreement to which EEOC refused. (See attached Exhibit B and Exhibit C, February 12, 2014, and March 25, 2014, correspondences respectively). Thereafter the EEOC served a subpoena to which the respondent filed a Motion to Quash Subpoena. (See attached Exhibit D).

EEOC's current application sets forth arguments and legal basis as to why it is entitled to the employment and personnel records of the seven (7) police officers, because it provides comparative data in evaluating Mr. Johnson's complaint of disparate treatment based on his race. It has been the respondent's position throughout that it will produce the requested documents, and requests only that the EEOC provide assurance and enter into an agreement that the seven(7) police officers personnel and employment records not be disclosed to the public nor to the charging party, Lyndon Johnson. The EEOC has refused to do so.

<u>The Charging Party, Lyndon Johnson, is Not Entitled to<br>Employment/Personnel Records of the Seven Police Officers</u>

EEOC's brief cites <u>EEOC v. Associated Dry Goods Corp.</u> 101 <u>S.Ct.</u> 817(1981) to support its position that the charging party is not a member of the "public" to whom disclosure is prohibited. However, EEOC's brief fails to state that the same Supreme Court in <u>EEOC v. Associated Dry Goods Corporation,</u> also held that the charging party is a member of the "public" and hence a stranger to files and records other than his own. <u>EEOC v. Associated Dry Goods,</u> at

825.  Thus, the Court concluded that the respondent was entitled to assurance that each employee

filing a charge against the employer respondent would be entitled only to his own information

and no file other than his/ her own.   In EEOC v. Associated Dry Goods, seven former

employees filed employment discrimination charges with the EEOC.  The Court held that though

Congress allowed disclosure of investigative information in a charging party's file to that party

himself, nothing in the statute or its legislative history reveals any intent to allow the

Commission to reveal to that charging party information in the files of other charging parties

who have brought claims against the same employer.  EEOC v. Associated Dry Goods, 101 S.Ct.

at 825, with reference to EEOC Compliance Manual § 83.7( c).  The Supreme Court also added

that there is no reason why the charging party should know the content of any other employee's

charge, and he must be considered "a member of the public" with respect to charges filed by

other people. With respect to all files other than his own, "he is a stranger." Id.

The EEOC in EEOC v. Associated Dry Goods noted that it often consolidates

substantially similar charges for investigation, and in other instances draws upon information

generated in an earlier investigation of the same employer. In stating this, the EEOC argued that

because information in one party's file may be directly relevant to another party's charge, it

would be burdensome for it to have to reproduce the generally relevant information for each file,

and unfair to a charging party to deny him access to generally relevant information that, by

chance of timing, appears first and fully in another party's file.  Id.

The Supreme Court rejected EEOC's  argument as being "merely one of administrative

convenience," and such convenience cannot override the prohibitions set forth by the statute.

Accordingly the Supreme Court held that the respondent was entitled to assurance that each

employee filing charge against the employer would see information in no file other than his or

her own. Id.

In the instant matter, the rights and privacy of the seven (7) police officers are even greater than that of the charging parties in EEOC v. Associated Dry Goods, and thus should be afforded an even higher level of protection and confidentiality.  The charging parties in EEOC v Associated Dry Goods purposefully subjected themselves to investigation and scrutiny when they filed their complaints against their former employer respondent.  In filing their complaint, they reasonably expected and anticipated that their employment and personnel records would be subjected to review, investigation and scrutiny by EEOC as well as the respondent.

Conversly, in the instant matter, the EEOC seeks personnel and employment records of seven (7) police officers who are completely unrelated or uninvolved in the charging party's complaint against the respondent Police Department.  None of the seven officers purposefully involved themselves in any proceeding.  In fact, it is likely that they are not even aware that there is an investigation being undertaken by the EEOC  with respect to Mr. Johnson's complaint.  As such, these seven officers are mere innocent by-standers whose rights must be protected and their records be afforded  an even higher level of confidentiality than the charging parties in EEOC v. Associated Dry Goods.  The Supreme Court in EEOC v. Associated Dry Goods held that the charging parties may only review their own employment file and not any other charging parties' even though they all had claims against the same employer.  At the least it is clear that the charging party in the instant matter is entitled only to his own personnel file and records.  The EEOC must be barred from disclosing the employment and personnel records of the seven (7) police officers not only to the general public but also to the charging party, Mr. Lyndon Johnson, who is deemed "public" in relation to other police officers' employment files and records.

Contrary to the EEOC's argument that the respondent did not timely challenge or oppose its subpoena, the respondent had on-going and continuous communication with EEOC via both telephone and correspondences <u>agreeing</u> to disclose the requested documents subject to reasonable restriction, completely consistent with law as set forth by the United States Supreme Court to ensure the confidentiality rights of the seven (7) police officers. (Exhibits A, B & C). As set forth in the <u>EEOC v. Associates Dry Goods</u> case the EEOC should also expunge the names and identifying characteristics and statement of all of the seven (7) police officers. <u>Id.</u>, at 821-22.

Therefore, the respondent continues to stand willing and ready to produce the subject documents but respectfully requests that the Court order that the seven (7) police officers employment/personnel records confidentiality be protected against the public including the charging party, Mr. Lyndon Johnson consistent with the law and as set forth by the Supreme Court of the United States. Furthermore, consistent with the law and the Supreme Court's intent to protect the rights of individual's records, the respondent also requests the Court order that any report and/or record created by EEOC based on their investigation findings fully expunge the names and identifying characteristics of the seven (7) police officers if referenced in any copy in the reports and/or records.

MARGOLIS EDELSTEIN
Attorney for Respondent


By:/s/ Emery J. Mishky, Esq.
Dated: March 14, 2015   EMERY J. MISHKY
       emishky@margolisedelstein.com  (EM-6337)

**MARGOLIS EDELSTEIN**
BY: Emery J. Mishky (EM-6337)
400 Connell Drive, Suite 5400
Berkeley Heights, NJ 07922-2775
(908) 790-1401
(908) 790-1486 (fax)
Attorney for Respondent, City of Long Branch
EJM/51150.5-00017
emishky@margolisedelstein.com
NJ Attorney ID No.: 022891986

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

     Applicant,

v.

CITY OF LONG BRANCH,

     Respondent.

---

Civil Action No. 3:15-cv-01081-MAS-TJB

**CERTIFICATION IN OPPOSITION
TO APPLICATION**

I, EMERY J. MISHKY, of full age, hereby certify as follows:

1.    I am an attorney at law of the State of New Jersey and a Partner with Margolis Edelstein and entrusted with the representation of City of Long Branch in the above-captioned matter.

2.    Attached hereto as Exhibit A is a true and accurate copy of the Respondent's correspondence dated September 23, 2013.

3.    Attached hereto as Exhibit B is a true and accurate copy of the Respondent's correspondence dated February 12, 2014.

4.    Attached hereto as Exhibit C is a true and accurate copy of the Respondent's correspondence dated March 25, 2014.

5.     Attached hereto as Exhibit D, a true and accurate copy of the Respondent's

Motion to Quash Subpoena.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are wilfully false, I am subject to punishment.


                              MARGOLIS EDELSTEIN
                              Attorney for Respondent


                              By:/s/ Emery J. Mishky, Esq.
Dated: March 14, 2015              EMERY J. MISHKY
                              emishky@margolisedelstein.com  (EM-6337)

# EXHIBIT  A



**Attorneys At Law**
www.margolisedelstein.com

EMERY J. MISHKY, ESQ.
Direct Dial No.: 908-790-7761
emishky@margolisedelstein.com

**NORTH NEW JERSEY OFFICE:**
**Connell Corporate Center**
**400 Connell Drive**
**Suite 5400**
**Berkeley Heights, NJ 07922**
**908-790-1401**
**Fax 908-790-1486**

September 23, 2013

**VIA E-MAIL & REGULAR MAIL**

**SOUTH NEW JERSEY OFFICE:***
100 Century Parkway
Suite 200
Mt. Laurel, NJ 08054
856-727-6000
Fax 856-727-6017

John Waldinger, Enforcement Supervisor
c/o Equal Employment Opportunity Commission
Newark Area Office
1 Newark Center, 21st Floor
Newark, NJ 07102

**PHILADELPHIA OFFICE:***
The Curtis Center
170 S. Independence Mall West
Suite 400E
Philadelphia, PA 19106-3337
215-922-1100
Fax 215-922-1772

Re:     Johnson v. City of Long Branch
        Our File Number: EJM / 51150.5-00017
        EEOC Charge No.:  17E-2013-00267

Dear Mr. Waldinger:

**HARRISBURG OFFICE:***
3510 Trindle Road
Camp Hill, PA 17011
717-975-8114
Fax 717-975-8124

        This office represents the City of Long Branch Police Department in the above captioned matter concerning the Equal Employment Opportunity Commission ("EEOC") Notice of Charge of Discrimination filed by Mr. Lyndon Johnson.  Please accept this Statement of Position to the Notice of Charge filed on behalf of Mr. Johnson.

**PITTSBURGH OFFICE:**
522 William Penn place
Suite 3300
Pittsburgh, PA 15219
412-281-4256
Fax 412-642-2380

        Mr. Johnson complains that he was suspended based on his race as a black male in violation of the Civil Rights Act of 1964, and that other similarly situated non-black employees who had also committed wrong doings were not similarly treated.  The City of Long Branch provides its Statement of Position in response to the charges as set forth in the Notice of Charge.  Some or all of the suspensions discussed herein were also involved in Mr. Johnson's termination.

**SCRANTON OFFICE:**
220 Penn Avenue
Suite 305
Scranton, PA 18503
570-342-4231
Fax 570-342-4841

        Mr. Johnson was suspended commencing on May 31, 2012 for making inappropriate and threatening comments to Dispatchers under his supervision while on duty. This suspension lasted until December 1, 2012. On December 1, 2012, Mr. Johnson was suspended again for knowingly and purposely approving a police report that he knew to be false.  This suspension lasted from December 1, 2012, until June 1, 2013.  Mr. Johnson was suspended yet again from January 25, 2013, until November 30, 2013, for improper access of the Criminal Justice Information System.

**DELAWARE OFFICE:**
750 Shipyard Place
Suite 102
Wilmington, DE 19801
302-888-1112
Fax 302-888-1119

*Member of the Harmonie Group*

       The suspension, between May 31, 2012 and December 1, 2012, related to threatening and inappropriate comments that Mr. Johnson made to Dispatchers that were working under his watch at the Police Department Headquarters in Long Branch. According to the witness statement provided by one of the Dispatchers, Mr. Johnson threatened him on two separate occasions. The threats constituted conduct unbecoming of a public employee, as Mr. Johnson was attempting to intimidate the Dispatcher by demanding that they take specific actions. Suspending Mr. Johnson for behavior that was inappropriate for a Lieutenant in the Police Department is not related to his race. Moreover, there are no other police personnel, much less Lieutenants, of any race, for which the same or similar behavior and/or actions are tolerated without the same or similar consequences.

       Mr. Johnson's suspension between December 1, 2012 and June 1, 2013, related to Mr. Johnson knowingly and purposely filling out a police report that he knew to be false. Mr. Johnson's son, Lyndon Johnson, Jr. ("Johnson, Jr.") owned, and was licensed to carry, a hand gun. Mr. Johnson helped Johnson, Jr. obtain the hand gun, and license for it. According to the police investigation, the hand gun was reported by Mr. Johnson's son to have been stolen from Johnson, Jr.'s, motor vehicle. Mr. Johnson did not permit another officer and/or Lieutenant to handle the investigation. This action created a known conflict and interfered with the investigation of this incident. Specifically, Mr. Johnson's name was part of the investigation record relating to this burglary, and any similarly situated Lieutenant would have and should have known to recuse themselves from the investigation. Further, Mr. Johnson's actions caused conflicting reports on the issue of whether the hand gun was loaded. This critical information may impact the information provided to surrounding towns. It also may impact the safety of other officers helping search for the missing gun. The charges that were the basis for this suspension were Neglect of Duty (N.J.A.C. 4A:20-2.3(a)7), Incompetency (N.J.A.C. 4A:2-2.3(a)1), Conduct Unbecoming of a Public Employee (N.J.A.C. 4A:2-2.3(a)6), Other Sufficient Cause (N.J.A.C. 4A:20-2.3(2)11), and Inability to Perform Duties (N.J.A.C. 4A:2-2.3(a)3). Mr. Johnson's suspension was an appropriate consequence of his inappropriate behavior of knowingly and purposely filling out a false police report. Any police personnel of any rank and any race would have been suspended had they been discovered to be falsifying police investigation reports.

       Mr. Johnson's most recent suspension between January 25, 2013, and November 20, 2013, was for the improper access to the Criminal Justice Information System ("CJIS"). Mr. Johnson was illegally accessing the Criminal History Check records for individuals without legal reason. In order to access the CJIS, Mr. Johnson must provide a legitimate legal reason for checking an individual's criminal history. 24 CFR 5.903. Mr. Johnson claims that the names he was checking were then related to his connection with the Long Branch Public Housing Authority. However, upon further investigation, it was discovered that not all of the individuals that Mr. Johnson was performing criminal background checks on were even related, or connected, to the Long Branch Public Housing

Page 3                                                    September 20, 2013
Re:  Johnson v. City of Long Branch
Our File No.:  EJM / 51150.5-00017 / 2013014739

Authority.  Mr. Johnson was unable to provide any other legally relevant basis for his utilization of the CJIS for these instances.  Therefore, Mr. Johnson was suspended as a Lieutenant between January 25, 2013 and November 30, 2013.  There are no other police personnel, Lieutenant or otherwise, of any race, for which the same or similar actions would not have received the same or similar consequences.

Each suspension, as described above was merited by Mr. Johnson's improper actions.  The violations, and enforcement of the violations, were handled and administered pursuant to race neutral application of laws and standards applicable to all police officers in the City of Long Branch.  Mr. Johnson's suspensions were each directly and proximately caused by his illegal actions and neglect of his duties as a Lieutenant of the Long Branch Police Department.  Any Lieutenant or Officer of the Police Department who commits the above described offenses is subject to suspension in the same manner as Mr. Johnson, regardless of race, nationality, religion, or otherwise.  The Long Branch Police Department had more than ample cause to suspend Mr. Johnson based upon his repeated inappropriate job performance, not his race.  Moreover, no other officer, and none of these listed in the charge of discrimination (Craig Spencer, Frank Rizzuto, Tom Shea, and Ray Chapparo) have been found to have "done the same things [as Mr. Johnson] and worse."  Further, more were treated in any different manner whatsoever.

This Statement of Position addresses the allegations set forth by the Notice of Charge of Discrimination.  No. 17E-2013-00267.  This Statement of Position is given without prejudice to any objection to the sufficiency of the allegations set forth in the Notice of Change, and to any other facts and/or issues relating to the actions taken by the City of Long Branch with respect to the claimant, including, but not limited to, facts and/or issues not relating to the specific charge of discrimination that is the subject of the Notice of Charge.

Thank you for your attention to this matter.

Very truly yours,

MARGOLIS EDELSTEIN

By: _____
        EMERY J. MISHKY

EJM:mm

# EXHIBIT B



Attorneys At Law
www.margolisedelstein.com

**NORTH NEW JERSEY OFFICE:**
Connell Corporate Center
400 Connell Drive
Suite 5400
Berkeley Heights, NJ 07922
908-790-1401
Fax 908-790-1486

SOUTH NEW JERSEY OFFICE:*
100 Century Parkway
Suite 200
Mt. Laurel, NJ 08054a
856-727-6000
Fax 856-727-6017

PHILADELPHIA OFFICE:*
The Curtis Center
170 S. Independence Mall West
Suite 400E
Philadelphia, PA 19106-3337
215-922-1100
Fax 215-922-1772

HARRISBURG OFFICE:*
3510 Trindle Road
Camp Hill, PA 17011
717-975-8114
Fax 717-975-8124

PITTSBURGH OFFICE:*
522 William Penn place
Suite 3300
Pittsburgh, PA 15219
412-281-4256
Fax 412-642-2380

SCRANTON OFFICE:
220 Penn Avenue
Suite 305
Scranton, PA 18503
570-342-4231
Fax 570-342-4841

DELAWARE OFFICE:*
750 Shipyard Drive
Suite 102
Wilmington, DE 19801
302-888-1112
Fax 302-888-1119

*Member of the Harmonie Group

EMERY J. MISHKY, ESQ.
Direct Dial No.: 908-790-7761
emishky@margolisedelstein.com

February 12, 2014

Dana M. Marucci, Investigator
U.S. Equal Employment Opportunity Commission
Newark Area Office
1 Newark Center, 21st Floor
Newark, NJ 07102-5233

Re:    Johnson v. City of Long Branch
       Our File Number: EJM / 51150.5-00017
       EEOC Charge No.: 17E-2013-00267

Dear Mr. Marucci:

This office represents the City of Long Branch in the above captioned Equal Employment Opportunity Commission ("EEOC") charge filed by Mr. Lyndon Johnson. We are responding to your letter of December 30, 2013.

We are preparing materials responsive to your letter request. Due to the scope of the request and the number of persons involved this is a time consuming task. Before we produce the materials requested we request written agreement to accommodate our duties of maintaining privacy and confidentiality owed to our employees and past employees with respect to the documents requested.

We request that the EEOC agree to protect the confidentiality of the documents and information as requested by its correspondence dated December 30, 2013; as a response would involve the disclosure of confidential information and sensitive employment and personal information. The EEOC agrees that all designated "Confidential" material shall be used by the EEOC solely for the purposes of evaluation of the above-captioned matter. The EEOC agrees that it shall not use or reveal designated "Confidential" materials either directly, or indirectly, for any business, commercial, competitive, personal or other purpose, and such material shall not be disclosed by the EEOC to anyone other than as set forth above unless and until the restrictions herein are removed either by written agreement between EEOC and the producer or by Order of a Court

Page 2                                              February 12, 2014
Re:  Johnson v. City of Long Branch
Our File No.:  EJM / 51150.5-00017 / 2013014739

of competent jurisdiction.  It is, however, understood that the EEOC may form opinions and
conclusion relating to the above-captioned matter based on its evaluation of Confidential material
provided, but that such opinions and conclusions shall not reveal the content of such Confidential
materials except by prior written agreement.

The EEOC agrees that no material designated "Confidential" material shall be provided,
published, or otherwise revealed, in whole or in part, other than in the form of the EEOC's opinions
and conclusions, as set forth above, to the claimant Lyndon B. Johnson and/or his counsel,
representative, or the like.

Please indicate your agreement to the terms set forth in this correspondence by signing below,
and returning to our office.

                                     Very truly yours,

                                     MARGOLIS EDELSTEIN

                                     By: _____
                                         EMERY J. MISHKY

EJM/ms


*****************************************************************************

                                     Agreed to:


Dated: _____                By:_____
                                         Dana M. Marucci
                                         Investigator
                                         On behalf of the EEOC

# EXHIBIT C



**Attorneys At Law**
www.margolisedelstein.com

EMERY J. MISHKY, ESQ.
Direct Dial No.: 908-790-7761
emishky@margolisedelstein.com

**NORTH NEW JERSEY OFFICE:**
**Connell Corporate Center**
**400 Connell Drive**
**Suite 5400**
**Berkeley Heights, NJ 07922**
**908-790-1401**
Fax 908-790-1486

March 25, 2014

Dana M. Marucci, Investigator
U.S. Equal Employment Opportunity Commission
Newark Area Office
1 Newark Center, 21ˢᵗ Floor
Newark, NJ 07102-5233

SOUTH NEW JERSEY OFFICE:*
100 Century Parkway
Suite 200
Mt. Laurel, NJ 08054a
856-727-6000
Fax 856-727-6017

Re:   Johnson v. City of Long Branch
      Our File Number: EJM / 51150.5-00017
      EEOC Charge No.: 17E-2013-00267

PHILADELPHIA OFFICE:*
The Curtis Center
170 S. Independence Mall West
Suite 400E
Philadelphia, PA 19106-3337
215-922-1100
Fax 215-922-1772

Dear Mr. Marucci:

        This office represents the City of Long Branch in the above captioned Equal Employment Opportunity Commission ("EEOC") charge filed by Mr. Lyndon Johnson. On February 12, 2014 we responded to your letter of December 30, 2013 and asked that you agree to protect the confidentiality of any documents and information provided in response to your request by the City of Long Branch. A copy of the letter is attached for your easy reference.

HARRISBURG OFFICE:*
3510 Trindle Road
Camp Hill, PA 17011
717-975-8114
Fax 717-975-8124

        To date, we have not heard back from you, nor have we received your signature as requested in our letter. Kindly advise if you wish to proceed with your inquiry at this time.

PITTSBURGH OFFICE:
522 William Penn place
Suite 3300
Pittsburg, PA 15219
412-281-4256
Fax 412-642-2380

Very truly yours,

MARGOLIS EDELSTEIN

SCRANTON OFFICE:
220 Penn Avenue
Suite 305
Scranton, PA 18503
570-342-4231
Fax 570-342-4841

By: *Emery J. Mishky*

EMERY J. MISHKY

DELAWARE OFFICE:
750 Shipyard Drive
Suite 102
Wilmington, DE 19801
302-888-1112
Fax 302-888-1119

EJM/ms
Enclosure

*Member of the Harmonie Group



Attorneys At Law
www.margolisedelstein.com

NORTH NEW JERSEY OFFICE:
Connell Corporate Center
400 Connell Drive
Suite 5400
Berkeley Heights, NJ 07922
908-790-1401
Fax 908-790-1486

SOUTH NEW JERSEY OFFICE:*
100 Century Parkway
Suite 200
Mt. Laurel, NJ 08054a
856-727-6000
Fax 856-727-6017

PHILADELPHIA OFFICE:*
The Curtis Center
170 S. Independence Mall West
Suite 400E
Philadelphia, PA 19106-3337
215-922-1100
Fax 215-922-1772

HARRISBURG OFFICE:*
3510 Trindle Road
Camp Hill, PA 17011
717-975-8114
Fax 717-975-8124

PITTSBURGH OFFICE:
522 William Penn place
Suite 3300
Pittsburgh, PA 15219
412-281-4256
Fax 412-642-2380

SCRANTON OFFICE:
220 Penn Avenue
Suite 305
Scranton, PA 18503
570-342-4231
Fax 570-342-4841

DELAWARE OFFICE:
750 Shipyard Drive
Suite 102
Wilmington, DE 19801
302-888-1112
Fax 302-888-1119

*Member of the Harmonie Group

EMERY J. MISHKY, ESQ.
Direct Dial No.: 908-790-7761
emishky@margolisedelstein.com

February 12, 2014

Dana M. Marucci, Investigator
U.S. Equal Employment Opportunity Commission
Newark Area Office
1 Newark Center, 21st Floor
Newark, NJ 07102-5233

Re:  Johnson v. City of Long Branch
     Our File Number: EJM / 51150.5-00017
     EEOC Charge No.: 17E-2013-00267

Dear Mr. Marucci:

This office represents the City of Long Branch in the above captioned Equal Employment Opportunity Commission ("EEOC") charge filed by Mr. Lyndon Johnson. We are responding to your letter of December 30, 2013.

We are preparing materials responsive to your letter request. Due to the scope of the request and the number of persons involved this is a time consuming task. Before we produce the materials requested we request written agreement to accommodate our duties of maintaining privacy and confidentiality owed to our employees and past employees with respect to the documents requested.

We request that the EEOC agree to protect the confidentiality of the documents and information as requested by its correspondence dated December 30, 2013; as a response would involve the disclosure of confidential information and sensitive employment and personal information. The EEOC agrees that all designated "Confidential" material shall be used by the EEOC solely for the purposes of evaluation of the above-captioned matter. The EEOC agrees that it shall not use or reveal designated "Confidential" materials either directly, or indirectly, for any business, commercial, competitive, personal or other purpose, and such material shall not be disclosed by the EEOC to anyone other than as set forth above unless and until the restrictions herein are removed either by written agreement between EEOC and the producer or by Order of a Court



AA-95

Page 2                                                    February 12, 2014
Re: Johnson v. City of Long Branch
Our File No.: EJM / 51150.5-00017 / 2013014739

of competent jurisdiction. It is, however, understood that the EEOC may form opinions and conclusion relating to the above-captioned matter based on its evaluation of Confidential material provided, but that such opinions and conclusions shall not reveal the content of such Confidential materials except by prior written agreement.

The EEOC agrees that no material designated "Confidential" material shall be provided, published, or otherwise revealed, in whole or in part, other than in the form of the EEOC's opinions and conclusions, as set forth above, to the claimant Lyndon B. Johnson and/or his counsel, representative, or the like.

Please indicate your agreement to the terms set forth in this correspondence by signing below, and returning to our office.

Very truly yours,

MARGOLIS EDELSTEIN

By: _____
     EMERY J. MISHKY

EJM/ms

*************************************************************************************

Agreed to:

Dated: _____          By:_____
                                     Dana M. Marucci
                                     Investigator
                                     On behalf of the EEOC

AA-96

# EXHIBIT D

**MARGOLIS EDELSTEIN**
400 Connell Drive-Suite 5400
Berkeley Heights, NJ 07922-2775
(908) 790-1401
Attorney for Defendant, City of Long Branch
EJM/51150.5-00017
Attorney ID No.:

| | |
|---|---|
| LYNDON JOHNSON | SUPERIOR COURT OF NEW JERSEY |
| | DEPART. OF LAW & PUBLIC SAFETY |
| Complainant, | DIVISION ON CIVIL RIGHTS |
| | DOCKET NUMBER: |
| | EEOC CHARGE NO. 17E |
| v. | |
| | Civil Action |
| CITY OF LONG BRANCH | |
| | |
| Respondent, | **NOTICE OF MOTION TO QUASH** |
| | **SUBPOENA** |

TO:    John Waldinger, Enforcement Supervisor
       c/o Equal Employment Opportunity Commission
       Newark Area Office
       1 Newark Center
       21st Floor
       Newark, NJ 07102

COUNSELOR:

PLEASE TAKE NOTICE that the undersigned respond to the U.S. Equal Employment Opportunity Commission, at the Newark Area Office, by filing herein Motion to Quash Subpoena. Attached hereto is a Certification upon which I shall rely.

I hereby certify that the original Notice of Motion is filed with the U.S. Equal Employment Opportunity Commission, Newark, New Jersey via Lawyers Service mail, and a copy was served upon:

John Waldinger, Enforcement Supervisor
c/o Equal Employment Opportunity Commission
Newark Area Office
1 Newark Center
21st Floor
Newark, NJ 07102

James L. Plosia, Jr., Esq.
Apruzzese, McDermott, Mastro & Murphy, PC
25 Independence Boulevard
Warren, New Jersey 07059

David DeFillippo, Esq.
Detzky Hunter & DeFillippo, LLC
45 Court Street
Freehold, NJ 07728

via Lawyer Service, on the date hereof pursuant to R.1:6-3.

By: _____
STEPHANIE Y. CHO, ESQ.

Dated:

**MARGOLIS EDELSTEIN**
400 Connell Drive-Suite 5400
Berkeley Heights, NJ 07922-2775
(908) 790-1401
Attorney for Defendant, City of Long Branch
EJM/51150.5-00017
Attorney ID No.:

| | |
|---|---|
| LYNDON JOHNSON | SUPERIOR COURT OF NEW JERSEY |
| | DEPART. OF LAW & PUBLIC SAFETY |
| Complainant, | DIVISION ON CIVIL RIGHTS |
| | EEOC CHARGE NO. 17E |
| v. | |
| | Civil Action |
| CITY OF LONG BRANCH | |
| Respondent, | **CERTIFICATION** |

I, STEPHANIE Y. CHO, of full age, hereby certify as follows:

1.     I am an attorney at law of the State of New Jersey and associated with Margolis Edelstein and entrusted with the defense of City of Long Branch in the above-captioned matter.

2.     The claimant, Lyndon Johnson, alleges wrongful discharge from his position with the Police Department of City of Long Branch.

3.     The respondent received a subpoena for release of disciplinary records of various Officers. (See Attached Exhibit A, a copy of the Subpoena)

4.     Prior requests for these records were formally objected to by Mr. David DeFillippo, counsel for Long Branch PBA Local #10. (See Attached Exhibit B, a copy of Mr. DeFillippo's correspondences dated June 23, 2014 and June 9, 2014)

5.     The subpoenaed records are objected to under Internal Affairs Policy and Procedures (Rev. 2014) issued by the New Jersey General's Office since these records are

Confidential. (See Attached Exhibit C, a copy of Internal Affairs Policy and Procedures (Rev. 2014).

6.    The relevant paragraphs of Internal Affairs Policy and Procedures under Page 42 of the Guideline by New Jersey General's Office are cited below:

**Confidentiality**

**The nature and source of internal allegations, the progress of internal affairs investigations, and the resulting materials are confidential information. The contents of the internal investigation case files shall be retained in an Internal Affairs Unit and clearly marked as confidential. The information and records of an internal investigation shall only be released under the following limited circumstances:**

> **In the event that administrative charges have been brought against an officer and a hearing will be held, a copy of all discoverable material shall be provided to the hearing officer in advance of hearing.**

> **In the event that the subject officer, agency or governing jurisdiction has been named as a defendant in a lawsuit arising out of the specific incident covered by an internal investigation, a copy of the internal investigation reports may be released to the attorney representing the subject officer, agency or jurisdiction.**

> **Upon request or at the direction of the county prosecutor or Attorney General.**

> **Upon a court order.**

7.    The subpoena seeks confidential disciplinary records of various Officers, who have no involvement in the claimant's matter, and this is contrary to the Policy and Procedures of Internal Affairs which has strict requirements for release of such records.

8.    As previously stated, the respondent is not in privy to disclose the subpoenaed records unless EEOC meets the criteria as set-forth in the Policy and Procedures, or in the alternative, guarantee Confidentially of these records.

9.    Accordingly, the respondent object to the subpoena of these disciplinary records and seek to quash the subpoena.

10.    I hereby certify that the foregoing statements made by me are true. I am aware that

if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

MARGOLIS EDELSTEIN
Attorneys for Respondent, City of Long Branch

By: _____
STEPHANIE Y. CHO, ESQ.

DATED:

**MARGOLIS EDELSTEIN**
BY:  Emery J. Mishky (EM-6337)
400 Connell Drive, Suite 5400
Berkeley Heights, NJ  07922-2775
(908) 790-1401
(908) 790-1486 (fax)
Attorney for Respondent, City of Long Branch
EJM/51150.5-00017
emishky@margolisedelstein.com
NJ Attorney ID No.: 022891986

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No.  3:15-cv-01081-MAS-TJB |
| Applicant, | **ORDER** |
| v. | |
| CITY OF LONG BRANCH, | |
| Respondent. | |

THIS MATTER having been opened to the Court, and the Court having considered the

matter and for good cause having been shown;

IT IS on this          day of                    , 2015,

ORDERED that the respondent, City of Long Branch, produce the records as requested in

EEOC Subpoena No. NY-A14-11 within 30 days of the date of this Order;

IT IS ALSO ORDERED that the EEOC is barred from disclosing the records as

referenced in EEOC Subpoena No. NY-A14-11 to the public and/or the charging party, Lyndon

Johnson, and/or his representative/counsel; and

IT IS ALSO ORDERED that the EEOC shall expunge the names and identifying characteristics of the seven (7) police officers if at all referenced in EEOC's reports and/or records prepared in the handling of Lyndon Johnson's complaint; and

IT IS FURTHER ORDERED that a copy of this Order shall be served upon all parties in interest within _____ days of the date hereof.

_____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, :
                      :    Civil Action No.: 3:15-cv-01081-(MAS)(TJB)
                      :
            Applicant, :
                      :
        v. :
                      :
CITY OF LONG BRANCH, :
                      :
           Respondent. :
———————————————————:

**MEMORANDUM IN SUPPORT OF EEOC'S APPEAL
OFA PORTION OF THE MAGISTRATE JUDGE'S ORDER**

**<u>Statement of the Issue</u>**

      The issue presented in this subpoena enforcement action is whether the release of

information requested by EEOC as part of its investigation of a Title VII race discrimination

charge must be conditioned on assurances that EEOC will not disclose the material as it deems

appropriate to the Charging Party.  The Supreme Court decided this very issue in *EEOC v.

Associated Dry Goods*, 449 U.S. 590 (1981).  There, the Court found that Title VII does not

permit such restrictions on EEOC, reasoning that such limitations frustrate the enforcement

scheme established by the statute.  In the present matter, accepting the argument of Respondent,

the Magistrate misread the holding of *Associated Dry Goods* and improperly prohibited EEOC

from disclosing information to the Charging Party in this case.  As Magistrate Judge

Bongiovanni's ruling contravenes the language of Title VII, EEOC's regulations, and the

Supreme Court's holding in *Associated Dry Goods,* EEOC requests that this Court reverse that

portion of the Order of July 30, 2015, ECF Dkt. Entry No. 7, that prohibits EEOC from

disclosing information deemed confidential by Respondent to the Charging Party in this case.

### Statement of Facts

Plaintiff, the U.S. Equal Employment Opportunity Commission (EEOC), is a federal law

enforcement agency charged with the oversight, investigation, and enforcement of federal anti-

discrimination laws. Congress has conferred on EEOC broad powers of access to records of

those entities against whom charges have been filed, 42 U.S.C. § 2000e-8(a), including the

authority to subpoena evidence in an administrative investigation. *See* 42 U.S.C. § 2000e-9,

granting EEOC the subpoena authority specified in 29 U.S.C. § 161.

Given that the charge of discrimination at issue here alleges that Charging Party was

accorded differential treatment than similarly situated co-workers, EEOC sought the files of the

Charging Party and six of Charging Party's co-workers. Comparative evidence is often essential

to a finding of employment discrimination. Thus, EEOC routinely requests and receives the

personnel files of employees to obtain such evidence, based on its statutory authority to obtain

and use whatever documents or information it deems necessary in fulfillment of its duties.

On or about February 7, 2013, Charging Party Lt. Lyndon Johnson filed a Charge of

Discrimination against Respondent, alleging that Respondent discriminated against him on the

basis of race in violation of Title VII. Declaration of John Waldinger, Director of the EEOC

Newark Area Office, ¶ 6 (hereinafter "Waldinger Dec."). Charging Party, an African-American

Lieutenant in the Long Branch Police Department, alleges that his employer, the City of Long

Branch, discriminated against him on the basis of race by subjecting him to different and harsher

disciplinary measures than similarly situated white colleagues who committed the same or

similar alleged infractions. Waldinger Dec. ¶ 6. In response to this charge, Respondent asserted

that the disciplinary actions taken against Lt. Johnson were consistent with a race-neutral application of the Police Department's policies and standards and with disciplinary actions taken against Lt. Johnson's comparators. Waldinger Dec. ¶ 8.

In order to investigate whether Lt. Johnson was subjected to harsher discipline than his white co-workers for similar infractions, EEOC requested all disciplinary records for Lt. Johnson and six Caucasian comparators. Respondent stated that, as a condition of supplying the requested information, EEOC must sign an agreement which provided, *inter alia*, that while EEOC could rely on the information to "form opinions and conclusions relating to the [charge] based on its evaluation" of the records, EEOC "shall not" in discussing its opinions and conclusions "reveal the content of such Confidential materials except by prior written agreement." Respondent also conditioned release of the files on EEOC's promise that no material designated "confidential" by Respondent "be provided, published, or otherwise revealed, in whole or in part, other than in the form of the EEOC's opinions and conclusions, as set forth above, to the claimant Lyndon B. Johnson and/or his counsel, representative, or the like." Waldinger Dec. ¶ 11.

In an effort to allay Respondent's concerns about the confidentiality of the requested information, EEOC outlined three statutory prohibitions against the unauthorized disclosure of confidential records and reiterated its request for the information. Waldinger Dec. ¶ 12. Respondent reiterated its position that it would not produce the requested information "absent a Court Order." Waldinger Dec. ¶ 13.

On June 30, 2014, EEOC offered Respondent another chance to comply with its request for production of the files. Waldinger Dec. ¶ 14. Respondent refused, forcing EEOC to issue a subpoena. The subpoena was served on Respondent via email on July 23, 2014. Waldinger Dec.

¶ 15.   EEOC also served the subpoena via certified return receipt requested mail, which was signed for by Respondent on July 25, 2014.  *Id*.

A party who finds any portion of an EEOC administrative subpoena objectionable may, within five days of service of the subpoena, petition the Commission for relief.  29 C.F.R. § 1601.16(b)(1)-(2).  This process permits the agency to conduct a review and determination of the subpoena and Respondent's objections.  *Id*.  In this case, Respondent *failed* to file a timely Petition to Revoke or Modify the EEOC Subpoena in accordance with the controlling regulations.

EEOC then filed an Order to Show Cause to enforce its administrative subpoena.  ECF Dkt. Entry No. 1.  After reviewing the written submissions of the parties, the Hon. Tonianne J. Bongiovanni issued a letter order granting EEOC's application for subpoena compliance; however, she also ordered that EEOC "comply with all applicable rules and regulations regarding confidentiality of employment records and void disclosure of confidential records obtained during their investigation including avoiding disclosure of the seven policy officers' records to the charging party, Lt. Johnson…".  EDF Dkt. Entry No. 7.

## **ARGUMENT**

### **THE ORDER PROHIBITING EEOC FROM EXERCISING ITS DISCRETIONARY AUTHORITY TO DISCLOSE THOSE PORTIONS OF THE INVESTIGATORY FILE THAT IT DEEMS NECESSARY CONTRAVENES TITLE VII AND THE RELEVANT CASE LAW AND MUST BE REVERSED**

### **A. The Standard of Review Under L. Civ. R. 72.1(c) (1).**

Pursuant to Fed. R. Civ. P. 72(a) and L. Civ. R. 72.1(c)(1)(A), EEOC asks this Court to reverse that part of the Order of the Hon. Tonianne J. Bongiovanni that restricts EEOC's ability to disclose records obtain during its investigation to the charging party or his counsel.

Both Fed. R. Civ. P. 72(a) and L. Civ. R. 72.1(c)(1)(A) provide relief where the

Magistrate Judge's order is contrary to law. The standard for reversal provides that the

Magistrate Judge's order:

> …may only be set aside if the order is clearly erroneous or contrary to law. Fed. R.
> Civ. P. 72(a) and L. Civ. R. 72.1(c)(1)(A). "A finding is clearly erroneous only
> 'when although there is evidence to support it, the reviewing court on the entire
> evidence is left with the definite and firm conviction that a mistake has been
> committed." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127
> (D.N.J. 1998)(quoting *United States v. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

For a decision to be contrary to law, the Court must find that the magistrate judge misapplied or

misinterpreted the applicable law. *Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601

(D.N.J. 2002). The Court applies a *de novo* standard of review of a magistrate judge's legal

conclusions. *Celgene Corp. v. Natco Pharma Ltd*., 2015 U.S. Dist. LEXIS 89071*8, Civ. Action

No. 10-5197 (July 9, 2015); *Haines v. Liggett Group, Inc*., 975 F. 2d 81, 91 (3rd Cir. 1992)("the

phrase 'contrary to law' indicates plenary review as to matters of law").

As shown below, here EEOC satisfies this burden of demonstrating that the Magistrate's

Order is clearly erroneous and contrary to law.

**B.      The Magistrate Judge Misread and Misapplied the
          Controlling Statutory and Judicial Authority**

The Magistrate's Order restricting EEOC's ability to disclose information designated

"confidential" is based on a misreading of the law and must be set aside. EEOC is vested with

statutory authority to subpoena records and information during the course of its administrative

investigation. There is a statutory and regulatory scheme in place to ensure that confidential

information obtained by EEOC is not improperly disclosed after it is entrusted to the agency.

Public disclosure of information is prohibited and subject to penalty under Title VII, which

provides in relevant part

> It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information. Any officer or employee of the Commission who shall make public in any manner whatever any information in violation of this subsection shall be guilty of a misdemeanor and upon conviction thereof, shall be fined not more than $1,000, or imprisoned not more than one year.

> 42 U.S.C. §§ 2000e-5(b), 2000e-8(e)[1]

In addition, EEOC's regulations provide that while public disclosures are prohibited, EEOC is permitted to disclose information it deems appropriate to the charging party or his counsel:

> Neither a charge, nor information obtained during the investigation of a charge of employment discrimination under title VII…, shall be made matters of public information by the Commission prior to the institution of any proceeding under title VII…involving such charge or information. **This provision does not apply to such earlier disclosures to charging parties, or their attorneys, respondents or their attorneys, or witnesses where disclosure is deemed necessary for securing appropriate relief….**

> 29 C.F.R. § 1601.22 (emphasis supplied).

In a factual setting similar to that presented here, the Supreme Court held that the release of information to EEOC may not be conditioned on guarantees that EEOC will not disclose that information to the charging party. *EEOC v. Associated Dry Goods*, 449 U.S. 590 (1981). The Supreme Court found that the plain language and legislative history of Title VII along with the policy objectives of the statute require that EEOC use the information, even confidential information, as it deems appropriate and necessary and that restrictions on EEOC's discretion

---

[1] Although not at issue here, additional statutory protections prohibit and limit the disclosure of EEOC investigative files once the investigation is closed. For example, the Privacy Act of 1974 prohibits disclosure of EEOC files without the prior written consent of the individual to whom the record pertains, 5 U.S.C. §552a, 29 C.F.R. §1611.1, et seq. , In addition, EEOC is required, pursuant to the Freedom of Information Act, to deny requests of a non-party for investigatory files. 5 U.S.C. §552, 29 C.F.R. §1610, et seq.

would frustrate the goals of the statute. The Court stated that "Congress did not include charging parties within the 'public' to whom disclosure of confidential information is illegal under the provisions of Title VII at issue here.[2] *Id.* at 598.

In addition to the plain language of both Title VII and EEOC's enforcing regulations, the Court found support for its holding in the legislative history of Title VII, noting that the bill's co-sponsor stated that the prohibition against disclosure to "the public":

> …was to prevent wide or unauthorized dissemination of unproved charges, not limited disclosures necessary to carry out the Commission's functions: **"[t]his is a ban on publicizing and not on such disclosure as is necessary to the carrying out of the Commission's duties under the statute…The amendment is not intended to hamper Commission investigations…"**

> *Id.,* 449 U.S. at 599 (emphasis supplied).

The Court noted several impediments flowing from the restrictions at issue, all of which are applicable here:

> This reading of the statute…is consistent with the coordinated scheme of administrative and judicial enforcement which Congress created to enforce Title VII. . . . First, limited disclosure to the parties can speed the Commission's required investigation: the Commission can more readily obtain information informally – rather than through its formal powers under 42 U.S.C. §2000e-9 – if it can present the parties with specific facts for them to corroborate or rebut.

> *Id.* at 600-601.

As set forth in the attached Declaration of the Newark Area Office Director, the rule propounded by the Magistrate would have far-reaching and detrimental effects on EEOC's overall ability to investigate charges of discrimination, given that EEOC routinely requests personnel files, medical files, and proprietary and confidential business files in its investigations.

---

[2] In addressing an issue not presented here, the Court also held that EEOC could not share information contained in one charging party's file with a different charging party where both parties filed a charge against the same employer. *Id.* at 772-73.

Waldinger Dec. ¶ 20-21.  In addition, compliance with the Magistrate's Order here will have a chilling effect on EEOC investigators, who will be reluctant to question the Charging Party about any of the facts gleaned from the subpoenaed information.  See, Waldinger Dec. ¶ 23.  Such a result would impede EEOC's ability to test the veracity and accuracy of information critical to the truth-seeking process.  Waldinger Dec. ¶ 22.

Further, as aptly noted by the *Associated Dry Goods* Court, EEOC's ability to disclose information to the Charging Party is critical to the agency's ability to satisfy its statutory requirement to conciliate charges of discrimination.  The Court noted:

> [L]imited disclosure enhances the Commission's ability to carry out its statutory responsibility to resolve charges through informal conciliation and negotiation:  A party is far more likely to settle when he has enough information to be able to assess the strengths and weaknesses of his opponent's case as well as his own.

> *Id.* at 600-601

Thus, courts recognize that EEOC's right to and need for confidential information, coupled with the statutory and regulatory protections against unwarranted disclosures, outweigh any speculative concerns about the release of confidential information about employees and employers alike.  Hence, concerns about the confidentiality of information requested by EEOC do not shield a party's obligation to comply with an EEOC subpoena.  *See EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 312 (7th Cir. 1981) ("[C]onfidentiality is no excuse for noncompliance [with an EEOC subpoena] since Title VII [of the Civil Rights Act of 1964] imposes criminal penalties for EEOC personnel who publicize information obtained in the course of investigating charges of employment discrimination").  And relying on these provisions, the Supreme Court rejected a university's argument that a court could require the EEOC to show more than relevance as a condition to obtain confidential, tenure-review materials. *EEOC v.*

*Univ. of Pa.*, 493 U.S. 182, 192 (1990). The Court noted that though the statute establishes no privilege to protect employees' privacy, "Congress did address situations in which an employer may have an interest in the confidentiality of its records" by making it unlawful under 42 U.S.C. § 2000e-8(e) for the Commission to disclose information obtained under its investigative authority. 493 U.S. at 192. *Id.*

Numerous courts have required production of personnel files of non-charging parties over Respondents' objections based on confidentiality. *EEOC v. Uni. of N.M.*, 504 F.2d 1296 (10th Cir. 1974) (enforcing EEOC subpoena for personnel records); *EEOC v. Twp. of Howell*, 1991 U.S. Dist. LEXIS 11650 (D.N.J. 1991) (court ordered production of personnel files of all candidates for position of Chief of Police to EEOC without need to obtain release from individuals finding that confidentiality was preserved by statute); *cf. Univ. of Pa. v. EEOC*, 493 U.S. at 192-93 (EEOC's interest in and statutory right to review peer review materials outweighs need for confidentiality of such material); *EEOC v. Franklin & Marshall Coll.*, 775 F.2d 110 (3d Cir. 1985), *cert. denied*, 476 U.S. 1163 (1986) (grant of authority to EEOC warrants EEOC entitlement to any material EEOC deems relevant to its investigation.

Therefore, the limitation imposed by the Magistrate on EEOC's utilization of the subpoenaed documents is contrary to firmly established law.

## Conclusion

The Magistrate's restriction on EEOC's discretionary authority to disclose portions of information that it obtains during the course of an investigation to the Charging Party is contrary to law and must be set aside.

Dated: August 13, 2015                          /s/ Rosemary DiSavino
                                                Rosemary DiSavino

Senior Trial Attorney
Equal Employment Opportunity
Commission
Two Gateway Center, Suite 1703
283-289 Market Street
Newark, N.J.  07102
(973) 645-6430, Fax: (973)645-4524
rosemary.disavino@eeoc.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| | : | Civil Action No.: 3:15-cv-01081-(MAS)(TJB) |
| Applicant, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF LONG BRANCH | : | |
| | : | |
| Respondent. | : | |
| | : | |

## DECLARATION OF JOHN WALDINGER, AREA DIRECTOR, NEWARK AREA OFFICE, EEOC

I, John Waldinger, declare under the penalty of perjury that the following is true and correct:

1. I am the Director of the Newark Area Office of the Equal Employment Opportunity Commission ("EEOC"). In that role, I am responsible for the operations of the office, including the investigation of charges of employment discrimination.

2. The Newark Area Office is responsible for investigating charges that employers have engaged in employment practices made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").

3. Among the charges pending before EEOC in the Newark Area Office is Charge No. 17E-2013-00267, which was filed by Charging Party Lt. Lyndon B. Johnson against the City of Long Branch, Police Department ("Respondent").

4. I supervise the work of the investigators, including Federal Investigators Dana Marucci and Philip Dudt, who were assigned to investigate this charge.

5. I state the following based on my personal examination of the file relating to this Charge.

6. On February 7, 2013, Charging Party filed a Charge of Discrimination against Respondent, alleging, *inter alia*, violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Charging Party alleged that he was subjected to

1

harsher discipline than similarly situated white employees. A true and correct copy of the Charge of Discrimination is attached herein as Exhibit A.[1]

7.   Charging Party's file was transferred from the Philadelphia Office to the Newark Area Office of the EEOC and Respondent was served with a Notice of the Charge of Discrimination and copies of the Charge of Discrimination filed by Lt. Johnson in the summer of 2013. True and correct copy of those Notices are attached herein as Exhibit B.

8.   In its September 23, 2013 Statement of Position, Respondent asserts that the disciplinary actions taken against Lt. Johnson are consistent with a race-neutral application of the Police Department's policies and standards and with disciplinary actions taken against Lt. Johnson's comparators.

9.   Investigator Marucci served Respondent with a Request for Information ("RFI") on December 30, 2013. The request sought "all disciplinary records" for the Charging Party and six comparators. A true and correct copy of EEOC's request for information is attached herein as Exhibit C.

10.  On January 9, 2014, Respondent requested additional time, until February 15, 2014, to respond to EEOC's request.

11.  On February 12, 2014, Respondent notified EEOC that it was gathering documents responsive to EEOC's request but would produce them only if EEOC agreed to certain restrictions in the use and disclosure of the information contained in the files. Among other things, Respondent refused to produce the documents unless EEOC agreed that EEOC's "opinions and conclusions shall not reveal the content" of the material "except by prior written agreement" and EEOC agreed that no part of the material shall be revealed "other than in the form of the EEOC's opinions and conclusions" to the Charging Party or the Charging Party's representative. A true and correct copy of Respondent's letter is attached herein as Exhibit D.

12.  In response to Respondent's concerns about ensuring the confidentiality of the contents of the files, EEOC Investigator Dudt notified Respondent of three separate statutory prohibitions against disclosure of EEOC's investigative files and confidential information within such files. Investigator Dudt reiterated EEOC's request that Respondent produce the files of the seven individuals. A true and correct copy of EEOC's letter is attached herein as Exhibit E.

13.  Several weeks later, on May 21, 2014, Respondent advised EEOC that Respondent would not produce the files "absent a Court Order." A true and correct copy of the email exchange containing Respondent's response to the EEOC is attached herein as Exhibit F.

---

[1] EEOC has redacted the names of individuals from the correspondence attached to Exhibits A, C, H, and I to ensure confidentiality.

2

14. On June 30, 2014, Investigator Dudt offered Respondent another chance to comply with EEOC's request. A true and correct copy of Investigator Dudt's letter is attached herein as Exhibit G.

15. Respondent's continued refusal to comply with EEOC's request for information then necessitated that EEOC issue a subpoena. Investigator Dudt served Respondent with a copy of the subpoena via email on July 23, 2014 and mailed the subpoena that same day via certified return receipt requested. The return receipt indicates that the subpoena was received via U.S. Postal Service two days later, on July 25, 2014. A true and correct copy of the EEOC subpoena, the email confirmation, and the return receipt from the U.S. Postal Services are attached herein as Exhibit H.

16. Rather than file a Petition to Revoke or Modify the Subpoena within five days, Respondent filed an undated "Motion to Quash" which was date-stamped as received by EEOC on August 7, 2014. A true and correct copy of Respondent's papers, including the EEOC date-stamp, are attached herein as Exhibit I.

17. In the interests of saving agency and judicial resources, EEOC personnel thereafter attempted to arrive at a mutually acceptable agreement with Respondent. Respondent, however, continued to condition production of the files on EEOC's agreement to abide by restrictions on EEOC's use and disclosure of the documents, leaving EEOC with no alternative but to file the present Application.

18. As of the date of this Declaration, Respondent has failed to produce the documents requested and then subpoenaed by the EEOC.

19. I have reviewed the July 30, 2015 Order of the Magistrate Judge which requires that EEOC "avoid disclosure of confidential records obtained during their investigation including avoiding disclosure of the seven police officers' records to the Charging Party…"

20. EEOC routinely requests personnel files, medical records, and proprietary and confidential business records as part of its investigative process.

21. A prohibition on EEOC's ability to obtain such information unless it agrees that it will not disclose any of the information deemed by Respondent to be confidential will have a detrimental effect on EEOC's ability to investigate charges of employment discrimination.

22. Compliance with the Order will impede EEOC's ability to test the veracity and accuracy of information that is critical to the truth-seeking process.

23.     Compliance with this Order will have a chilling effect on the EEOC investigators who will be reluctant to question the Charging Party about any of the facts gleaned from the information designated confidential by the Respondent.

Date:  August 11, 2015

_____
John Waldinger
Director, Newark Area Office
U.S. Equal Employment Opportunity Commission

Subscribed and sworn to before me this 11 day of August, 2015

_____
Notary Public

Jadhira V. Rivera
Attorney-At-Law
Of the State of New Jersey
Authorized to Administer this Oath
Pursuant to N.J.S.A. 41:2-1

4

**MARGOLIS EDELSTEIN**
BY: Emery J. Mishky (EM-6337)
400 Connell Drive, Suite 5400
Berkeley Heights, NJ 07922-2775
(908) 790-1401
(908) 790-1486 (fax)
Attorney for Respondent, City of Long Branch
EJM/51150.5-00017
emishky@margolisedelstein.com
NJ Attorney ID No.: 022891986

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Applicant,

v.                               Civil Action No. 3:15-cv-01081-MAS-TJB

CITY OF LONG BRANCH,

        Respondent.

**MEMORANDUM IN SUPPORT OF OPPOSITION TO EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER**

This case is before the Court on the appeal made by the Equal Employment Opportunity

Commission ("EEOC") to Magistrate Judge Tonianne J. Bongiovanni's Order dated July 29,

2015 on EEOC's Motion for Order to Show Cause. We represent the respondent, City of Long

Branch Police Department, in the above captioned matter wherein a claimant, Mr. Lyndon

Johnson, filed Notice of Charge with the EEOC. Mr. Johnson alleges racial discrimination was a

basis for his suspensions and subsequent termination from his employment with the Police

Department. In its investigation of Mr. Johnson's complaint, the EEOC has requested that the

respondent produce personnel and disciplinary records of seven (7) former and current police

officers of the Long Branch Police Department. These seven officers are not a subject of, nor are in anyway involved in, Mr. Johnson's complaint. Nonetheless, the respondent has agreed to produce the requested documents subject to the preservation of the privacy and confidentiality of these sensitive employment and personnel information for non parties. To do so, the respondent simply requested that the EEOC execute a confidentiality agreement to which EEOC refused.

EEOC's seeks employment and personnel records of the seven (7) police officers, for comparative data in evaluating Mr. Johnson's complaint of disparate treatment based on his race. It has been the respondent's position throughout that it will produce the requested documents, and requests only that the EEOC provide assurance and enter into an agreement that the seven(7) police officers personnel and employment records not be disclosed to the public nor to the charging party, Lyndon Johnson. The EEOC has refused to do so.

EEOC, thereafter, filed the underlying Motion for Order to Show Cause. The Magistrate Judge held that the Respondent comply with EEOC's subpoena and provide the requested records but also ordered that EEOC should comply with all applicable rules and regulations regarding confidentiality of employment records and avoid disclosure of confidential records obtained during their investigation including avoiding disclosure of the seven (7) officers' records to the charging party, Lt. Johnson Order. EEOC now seeks to appeal that Order and to vacate that portion prohibiting EEOC from disclosing the confidential information to the Charging Party.

<u>ARGUMENT</u>

A. The Standard of Review under L. Civ. R. 72.1(c)(1)

The standard of review of decisions as to non-dispositive motions is whether the Magistrate Judge's ruling was "clearly erroneous or contrary to law." <u>L.Civ.R.</u>72.1( c)(1)(A).

That tracks the language of Fed. R. Civ. P. 72(a); see also 28 U.S.C. §636(b)(1)(A).  The burden of showing that a ruling is "clearly erroneous or contrary to law" rests with the party filing the appeal.  Control Screening v. Integrated Trade Sys., 2011 U.S. Dist. LEXIS 85202 (D.N.J. Aug. 3, 2011); Chapman v. New Jersey, 2011 U.S. Dist. LEXIS 2032 (D.N.J. Jan 10, 2011).

The Court has frequently spoken of the discretion granted to the Magistrate Judge in non-dispositive matters, and where the appeal seeks review of a matter within the exclusive purview of the Magistrate Judge, such as a discovery dispute, an "even more deferential" standard, the "abuse of discretion" standard, may be applied.  Under such a standard, an abuse of discretion occurs "only where no reasonable man would take the view adopted by the trial court.  If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Richards v. Johnson & Johnson, 2008 U.S. Dist. LEXIS 14131 (D.N.J. Feb. 26, 2008) (quoting Lindy Bros. Builders v. Amer. Radiator, 540 F.2d 102, 115 (3d Cir. 1976)).  See generally Costa v. County of Burlington, 2009 U.S. Dist. LEXIS 30115 (D.N.J. Apr. 1, 2009) .  Thus, a Magistrate Judge's decision in a discovery dispute "is subject to great deference and will only be reversed if found to be an abuse of discretion." Environmental Tectonics v. W.S. Kilpatrick & Co., 659 F. Supp. 1381, 1399 (D.N.J. 1987) (Lechner), mod. 847 F.2d 1052 (3d Cir. 1988), aff'd 493 U.S. 400 (1990).

B.    The Charging Party, Lyndon Johnson, is Not Entitled to Employment/Personnel Records of the Seven Police Officers

The Supreme Court in EEOC v. Associated Dry Goods Corporation, 449 S.Ct. 817 (1981) clearly established that the charging party is a member of the "public" and hence a stranger to files and records other than his own.  EEOC v. Associated Dry Goods, 449 S.Ct. 817 at 825 (1981).  Thus, the Supreme Court concluded that the respondent was entitled to assurance

that each employee filing a charge against the employer respondent would be entitled only to his

own information and no file other than his/ her own.   In EEOC v. Associated Dry Goods, seven

former employees filed employment discrimination charges with the EEOC.  The Court held that

though Congress allowed disclosure of investigative information in a charging party's file to that

party himself, nothing in the statute or its legislative history reveals any intent to allow the

Commission to reveal to that charging party information in the files of other charging parties

who have brought claims against the same employer. EEOC v. Associated Dry Goods, 101 S.Ct.

at 825, with reference to EEOC Compliance Manual § 83.7( c).  The Supreme Court also added

that there is no reason why the charging party should know the content of any other employee's

charge, and he must be considered "a member of the public" with respect to charges filed by

other people. With respect to all files other than his own, "he is a stranger." Id.

     In the instant matter, the rights and privacy of the seven (7) police officers are even

greater than that of the charging parties in EEOC v. Associated Dry Goods, and thus should be

afforded an even higher level of protection and confidentiality.  The charging parties in EEOC v

Associated Dry Goods purposefully subjected themselves to investigation and scrutiny when they

filed their complaints against their former employer respondent.  In filing their complaint, they

reasonably expected and anticipated that their employment and personnel records would be

subjected to review, investigation and scrutiny by EEOC as well as the respondent.

     Conversely, in the instant matter, the EEOC seeks personnel and employment records of

seven (7) police officers who are completely unrelated or uninvolved in the charging party's

complaint against the respondent Police Department.  None of the seven officers purposefully

involved themselves in any proceeding.  In fact, it is likely that they are not even aware that there

is an investigation being undertaken by the EEOC  with respect to Mr. Johnson's complaint.  As

such, these seven officers are mere innocent by-standers whose rights must be protected and their records be afforded  an even higher level of confidentiality than the charging parties in EEOC v. Associated Dry Goods.   The Supreme Court in EEOC v. Associated Dry Goods held that the charging parties may only review their own employment file and not any other charging parties' even though they all had claims against the same employer.  There, the Magistrate Judge properly ordered that EEOC, while entitled to obtain said confidential records, be barred from disclosing them to the general public and the charging party, Mr. Lyndon Johnson, alike.


C.  The Magistrate Judge's Decision was Proper based on the Controlling Statute and Judicial Authority

EEOC's appellate brief erroneously relies on 29 C.F.R. §1601.22 to argue that EEOC is permitted to disclose confidential information to the charging party. 29 C.F.R. §1601.22 states

> "Neither a charge, nor information obtained during the investigation of a charge of employment discrimination under title VII . . ., shall be made matters of public information by the Commission prior to the institution of any proceeding under title VII . . .  involving such charge or information.  This disclosure does not apply to such earlier disclosures to charging parties . . . where disclosure is deemed necessary for securing appropriate relief."

EEOC fails to recognize that it is currently in the investigation phase wherein 29 C.F.R. §1601.22  specifically prohibits disclosure of the information to the public prior to the institution of  a proceeding and that this disclosure does not include any information previously and already available to charging parties.

EEOC also erroneously relies on the Supreme Court's holding in EEOC. v. Associated Dry Goods, 449 U.S. 590 at 598 in asserting that EEOC is entitled to disclose the confidential records of non-party officers to the charging party.  EEOC v. Associated Dry Goods at 598 states

> For the reasons that follow, we have concluded that Congress did not include charging parties within the "public" to whom disclosure of confidential information

AA-123

is illegal under the provision of Title VII here at issue.  Section 706(b) states that "[c]harges shall not be made public."  42 U.S.C. §2000e-5(b).  The charge, or course, cannot be concealed from the charging party.  Nor can it be concealed from the respondent, since the statute also expressly requires the commission to serve notice of the charge upon the respondent . . .Thus, the "public" to whom the statute forbids **disclosure of charges** cannot logically include the parties to the agency proceeding." [emphasis added].

Here, the Supreme Court in EEOC v. Associated Dry Goods is stating that **"charges"**

would  obviously be disclosed to the charging party and the respondent in the EEOC proceeding

since they are parties to the proceeding.  It is not stating that confidential records of non-parties

be made available to the charging party.

This distinction by the Supreme Court is again reiterated in EEOC v. Associated Dry Goods at 598

"though the Congress allowed disclosure of investigative information in a charging party's file to that party himself, nothing in the statue or its legislative history reveals any intent to allow the Commission to reveal to that charging party information in the files of other charging parties who have brought claims against the same employer. See EEOC Compliance Manual § 83.7 ( c).  As noted earlier, the chargin g party cannot logically be a member of the "public" to whom disclosure is forbidden by § 706 (b) of Title VII, and by extension, cannot be a member of the public under § 709 (e). . .   The reason, however, is that the charging party is obviously aware of the charge he has filed, and so cannot belong to the public to which Congress referred when it directed that "[c]harges shall not be made public.  42 U.S.C. § 2000E-5(b) .  **But there is no reson why the charging party should know the content of any other employee's charge, and he must be considered a member of the public with respect to charges filed by other people.  With respect o all files other than his own, he is a stranger**. [emphasis added]

The Supreme Court in EEOC v. Associated Dry Goods did not in anyway hold that

confidential records of non-parties (in the instant matter, the personnel and employment records

of the seven (7) police officers) to be disclosed to the charging party.

Likewise, EEOC's erroneously relies on EEOC. v. Bay Shipbuilding Corp., 669 F.2d 304,

312 (7th Cir. 1981); EEOC v. Univ. of Pa., 493 U.S. 182, 192 (1990); EEOC v. Univ. of N.M.,

504 F.2d 1296 (10th Cir. 1974); EEOC V. Twp. of Howell, 1991 U.S. Dist. LEXIS 11650 (D.N.J.

1991) and <u>EEOC v. Franklin & Marshall Coll</u>., 775 <u>F.2d</u> 110 (3d Cir. 1985), cert. denied, 476

<u>U.S.</u> 1163 (1986) to argue its point. The Courts in these cases all held that EEOC is entitled to

the confidential records it sought from the respondents. These cases, however, do not in any way

support EEOC's instant appeal that the confidential personnel and employment records of the

seven (7) non-party police officers be shared by EEOC with the charging party. Therefore,

EEOC's instant appeal must be denied and the Order of the Magistrate Judge Torianne J.

Bongianni be upheld.

> MARGOLIS EDELSTEIN
> Attorney for Respondent

> By:<u>/s/ Emery J. Mishky, Esq.</u>

Dated: August 25, 2015      EMERY J. MISHKY
> <u>emishky@margolisedelstein.com</u> (EM-6337)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, :
: Civil Action No.: 3:15-cv-01081-(MAS)(TJB)
:
Applicant, :
:
v. :
:
CITY OF LONG BRANCH, :
:
Respondent. :
:

**EEOC'S REPLY MEMORANDUM IN SUPPORT OF ITS
APPEAL OF A PORTION OF THE MAGISTRATE'S ORDER**

The question presented here is whether a Magistrate's Order imposing a blanket

restriction on EEOC's authority to exercise discretion in deciding what information, if any, to

disclose to a charging party during the course of an investigation simply because "confidential

information" or personnel records are at issue is contrary to law. The answer plainly is yes. For

in *EEOC v. Associated Dry Goods*, 449 U.S. 590 (1981), the Supreme Court squarely determined

that EEOC's discretionary authority to disclose information to the charging party that is part of

the EEOC's investigation into his/her own discrimination charge is consistent with the policy

imperatives and enforcement mechanisms of Title VII. In defending this Order, Respondent

points to no authority to the contrary; instead, Respondent flatly misreads *Associated Dry Goods*

as the primary basis for its argument.[1]

---

[1] Respondent's related assertion, that the privacy interests of the non-parties whose files are at issue are entitled to
"an even higher level of confidentiality than charging parties" (Dkt. Entry No. 9, pg.5), further manifests its
fundamental misunderstanding of the law. As discussed in EEOC's prior memorandum, it is well-settled that

1

*Associated Dry Goods* addressed EEOC's authority to disclose to the charging party confidential information in its investigative files in two distinct contexts, only one of which is on point here. There, seven employees filed seven different charges with EEOC against the same employer over a two year span. In that case, EEOC requested, *inter alia*, employment records, documents, and information related to Respondent's personnel practices; Respondent refused to provide the information unless EEOC agreed that none of the information would be disclosed to the charging parties. *Id*. at 593. Both the District Court and the Court of Appeals agreed with the Respondent and found that EEOC must "treat the charging parties as members of the 'public' to whom it cannot disclose any information in its files." *Id*. at 594-596. The Supreme Court addressed two issues in that case. First, whether EEOC is prohibited from disclosing to a charging party confidential information obtained during an investigation of that *same charging party's* discrimination charge; second, whether EEOC is prohibited from disclosing confidential information obtained in one charging party's file to *a different charging party* where both parties have filed against the same employer. *Only* the first issue is relevant here.

The holding of *Associated Dry Goods* on the first issue is clear and dispositive of the issue here: namely, EEOC *is* permitted to disclose information obtained during its investigation to the charging party. The Court stated:

> ...we have concluded that Congress did not include charging parties within the 'public' to whom disclosure of confidential information is illegal under the provisions of Title VII at issue here. [*Id*. at 598].

---

employers cannot withhold employee personnel files from EEOC on grounds that the privacy interests of non-parties may be implicated. Dkt. Entry No. 8-1, pg. 9.

As discussed in EEOC's initial brief, the Court found support for this holding in the statutory mandate, legislative history, and EEOC's enforcement scheme.   See discussion at Docket Entry No. 8-1, pp. 6-8.

Respondent's argument ignores the relevant portion of *Associated Dry Goods* and instead is based on that decision's holding on the distinguishable second issue addressed by the Court: namely, that EEOC may not disclose information in one charging party's investigative file *to a different charging party* even where both parties filed a charge against the same employer. Dkt. Entry No. 9.  It is in this context that the Court stated:

> [T]here is no reason why the charging party should know the content of any other employee's charge, and he must be considered a member of the public with respect to charges filed by other people. *With respect to all files other than his own*, he is a stranger.

> Id. at 604 (emphasis added).

Respondent's argument simply misses the fact that the "files" referred to in this portion of *Associated Dry Goods* are the EEOC's investigative files of different charging parties, which, as specifically acknowledged by the Court, contain confidential information.  *Id.* at 598.[2]  But the fact that one charging party is not entitled to confidential EEOC investigative files regarding a separate charge in no sense means that the charging party is not entitled to information about other employees contained in the investigative file for his own charge. For as noted in the Declaration of the Newark Area Director, EEOC frequently obtains personnel, medical, and other confidential information during the course of its investigations. Dkt. Entry No. 8-2, ¶ 20. The Supreme Court acknowledged and affirmed EEOC's need to share such confidential

---

[2] Respondent's assertions that in *Associated Dry Goods* the Court held that "charging parties may only review their own employment file…" (Dkt. Entry No. 9, p. 5) is wrong.  The Court was addressing charging party's right to view his own EEOC investigative file, not the "employment files" of others.  (Dkt. Entry No. 9, p. 3).

3

information with charging parties in order to test the veracity of Respondents' defenses, to permit charging parties to make well-reasoned decisions about the merits of their allegations, and to ensure that EEOC is empowered to fulfill its statutory mandate to enforce Title VII. *Id.* at 598-603. Hence, a proper reading of the holding in *Associated Dry Goods* mandates reversal of the Magistrate's order.

### Conclusion

The Magistrate's blanket restriction on EEOC's authority to disclose portions of information that it obtains during the course of an investigation to the Charging Party is contrary to law and must be set aside.

Dated: August 31, 2015

/s/ Rosemary DiSavino
Rosemary DiSavino
Senior Trial Attorney
Equal Employment Opportunity
Commission
Two Gateway Center, Suite 1703
283-289 Market Street
Newark, N.J. 07102
(973) 645-6430, Fax: (973)645-4524
rosemary.disavino@eeoc.gov

4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EQUAL EMPLOYMENT OPPORTUNITY          :
COMMISSION,                           :
                                      :    Civil Action No.: 3:15-cv-01081-(MAS)(TJB)
                                      :
                  Applicant,          :    Certification of Service
                                      :
        v.                            :
                                      :
CITY OF LONG BRANCH,                  :
                                      :
                  Respondent.         :
                                      :

I HEREBY CERTIFY that on August 31, 2015, I sent a copy of EEOC's Reply

Memorandum via ECF filing and email, to the following, attorney for Respondent City of Long

Branch.

Emery J. Mishky
Margolis Edelstein
400 Connell Drive
Suite 5400
Berkeley Heights, N.J. 07922-2775

Dated:  August 31, 2015                  /s/ Rosemary DiSavino
                                         Rosemary DiSavino
                                         Senior Trial Attorney
                                         Equal Employment Opportunity
                                         Commission
                                         Two Gateway Center, Suite 1703
                                         283-289 Market Street
                                         Newark, N.J.  07102
                                         (973) 645-6430, Fax: (973)645-4524
                                         rosemary.disavino@eeoc.gov