NO. 16-2514

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff/Appellant,

v.

CITY OF LONG BRANCH,

Defendant/Appellee.

On Appeal from the United States District Court
for the District of New Jersey

## RESPONDING BRIEF OF CITY OF LONG BRANCH AS APPELLEE

**MARGOLIS EDELSTEIN**
400 Connell Drive, Suite 5400
Berkeley Heights, NJ 07922-2775
(908) 790-1401
Attorneys for Defendant/Appellee,
City of Long Branch
EJM / 51150.5-00017 / 2013014739

**Of Counsel:**
Emery J. Mishky, Esq.

**On The Brief:**
Stephanie Y. Cho, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Magistrate Judge's and District Court's Decision . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.    EEOC Failed to Establish Abuse of Discretion
        by the District Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II.    The Charging Party, Lyndon Johnson, is Not Entitled
        to Employment/Personnel Records of the Seven Police Officers . . . . . . . . . . . . 7

    III.    The District Court's Ruling Was Proper Based on the Controlling
        Statue and Judicial Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    IV.    There was No Waiver of Right to Challenge EEOC's Subpoena . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF BAR MEMBERSHIP . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF IDENTICALLY FILED BRIEFS . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF VIRUS CHECK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

**Cases**

EEOC. v. Associated Dry Goods Corporation,
449 U.S. 590, 598 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7, 8, 9, 10, 11, 12

EEOC. v. Bay Shipbuilding Corp.,
669 F.2d 304, 312 (7th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

EEOC v. Kronos
620 F.3d 287 (3d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 6

EEOC v. Univ. of Pa.,
493 U.S. 182, 192 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

EEOC v. Univ. of N.M.,
504 F.2d 1296 (10th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

EEOC V. Twp. of Howell,
1991 U.S. Dist. LEXIS 11650 (D.N.J. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

EEOC v. Franklin & Marshall Coll.,
775 F.2d 110 (3d Cir. 1985), cert. denied, 476 U.S. 1163 (1986) . . . . . . . . . . . . . . . . . . . . 11

**Statutes**

29 CFR 1601.16(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

29 C.F.R. §1601.22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

## STATEMENT OF THE ISSUES

The District Court properly affirmed the Magistrate Judge's Court Order prohibiting the EEOC from disclosing the non-party police officers' employment/ personnel files to the Charging Party. The EEOC has failed to establish District Court's abuse of discretion or reaching erroneous conclusion of law in affirming the Magistrate Judge's Order.

## STATEMENT OF THE CASE

### A. Statement of the Facts

This case is before the Court on the appeal made by the Equal Employment Opportunity Commission ("EEOC") to the Honorable Michael A. Shipp, U.S.D.J's, Order dated March 18, 2016, on EEOC's appeal of the Magistrate Judge, the Honorable Tonianne J. Bongiovanni, U.S.M.J's Order dated July 29, 2015. We represent the Appellee, City of Long Branch Police Department, in the above captioned matter wherein a claimant, Mr. Lyndon Johnson, filed a Notice of Charge with the EEOC. Mr. Johnson alleges racial discrimination was a basis for his suspensions and subsequent termination from his employment with the Police Department.

In its investigation of Mr. Johnson's Complaint, the EEOC has requested that

1

the Appellee produce personnel and disciplinary records of seven (7) former and current police officers of the Long Branch Police Department. These seven officers are not a subject of, nor are in anyway involved in, Mr. Johnson's complaint. Nonetheless, the Appellee has agreed to produce the requested documents subject to the preservation of the privacy and confidentiality of these sensitive employment and personnel information for non parties. To do so, the Appellee simply requested that the EEOC execute a confidentiality agreement to which EEOC refused. EEOC's seeks employment and personnel records of the seven (7) police officers, for comparative data in evaluating Mr. Johnson's complaint of disparate treatment based on his race. It has been the Appellee's position throughout that it will produce the requested documents, and requests only that the EEOC provide assurance and enter into an agreement that the seven(7) police officers personnel and employment records not be disclosed to the public nor to the charging party, Lyndon Johnson. The EEOC has refused to do so.

## B. Magistrate Judge's and District Court's Decisions

EEOC filed the underlying Motion for Order to Show Cause. The Magistrate Court held that the Appellee comply with EEOC's subpoena and provide the requested records but also ordered that EEOC should comply with all applicable rules and regulations regarding confidentiality of employment records and avoid disclosure

of confidential records obtained during its investigation including avoiding disclosure of the seven (7) officers' records to the charging party, Lt. Johnson. EEOC, thereafter, appealed a portion of the Magistrate Court Order. The District Court denied the Appeal, affirmed the Magistrate Judge's Order and held that EEOC is not entitled to share the requested information about the other police officers with the Charging Party. EEOC now seeks to appeal the District Court Order of March 18, 2016, and to vacate that portion prohibiting EEOC from disclosing the non-party police officers personnel/ employment files to the Charging Party.


## SUMMARY OF ARGUMENT

EEOC fails to establish the District Court's abuse of discretion or that it erred in its conclusion of law. EEOC erroneously relies on EEOC v. Kronos, 620 F.3d 287 (3d Cir. 2010) in which the Appellate Court held that the District Court abused its discretion when that District Court narrowed and limited the scope of EEOC's subpoena over relevant documents. In the instant matter, there is no limiting of EEOC's subpoena power over the subject confidential documents but rather, the District Court affirmed the Magistrate Order which prohibited EEOC from disclosing the non-party's personnel/employments records to the Charging Party.

In addition, EEOC erroneously claims that the District Court misinterpreted

3

EEOC v. Associated Dry Goods, 449 U.S. 590 (1981). EEOC claims that the Supreme Court in EEOC v. Associated Dry Goods only prohibits disclosure of investigative files and that the subject confidential documents are personnel/ employment files which are not investigative files which the Supreme Court intended to protect from disclosure to a Charging Party. The District Court correctly interpreted EEOC v. Associated Dry Goods as the Supreme Court held that "with **all files** other than his own [the Charging Party's], he is a stranger." 449 U.S. at 598. [emphasis added]

Finally, EEOC erroneously claims that the Appellee waived its right to seek to bar dissemination of the non-party police officers' personnel/ employment records to the Charging Party under 29 CFR 1601.16(b)(1). However, that Code addresses a petition to be filed by a recipient of subpoena who intends not to comply with the subpoena. In the instant matter, compliance with EEOC's subpoena is not in dispute, since the Appellee had communicated numerous times its willingness to fully disclose the non-party personnel records. In dispute is whether EEOC has the right to disclose the confidential personnel records to the Charging Party, rendering 29 CFR 1601.16(b)(1) inapplicable and moot.

4

## ARGUMENT

### I. EEOC Failed to Establish Abuse of Discretion by the District Court

EEOC cites to <u>EEOC v. Kronos, Inc.</u> 620 <u>F.3d</u> 287, 295 (3d Cir. 2010) to allege

that the District Court in the instant matter also committed "an abuse of discretion"

by deriving at an erroneous conclusion of law. However, <u>EEOC v. Kronos</u> is clearly

distinguishable from the instant matter. In <u>EEOC v. Kronos, EEOC</u> received a

complaint from a charging party, Vicky Sandy, who was hearing and speech impaired.

Sandy applied for a job as a cashier, bagger and stocker with a grocery chain, Kroger.

When Kroger did not hire her, Sandy claimed discrimination and violation of the

Americans with Disabilities Act. Kroger responded that as a part of the hiring

process, Kroger utilized a Customer Service Assessment created by Kronos, a third

party, and that Sandy scored low on the Kronos Assessment. EEOC issued a third-

party administrative subpoena to Kronos to which Kronos objected on the basis that

the subpoena requested information irrelevant to Sandy's allegations and sought

commercially valuable and trade secret. The District Court in <u>EEOC v. Kronos</u>

narrowed the EEOC's subpoena with respect to the geography, time period and job

positions. The Appellate Court, however, held that "the EEOC is entitled to access

to any material that might case light on the allegations against the employer." The

Appellate Court in <u>EEOC v. Kronos</u> held that the District Court erred and abused its

5

discretion in limiting and narrowing the scope of EEOC's subpoena on the issues of geography, time period and job descriptions.

Therefore, EEOC v. Kronos does not support EEOC's position in the instant matter. In the instant matter, the Appellee agreed to compliance with EEOC's subpoena and to disclose the employment and personnel files of the seven (7) police officers who are completely unrelated or uninvolved in the charging party's complaint against the Appellee police department. Therefore, EEOC's investigative effort or subpoena power is not in anyway limited, narrowed, or hindered by the District Court's decision. What the Appellee requested and the District Court correctly and fairly held is that EEOC cannot disclose these non-party personnel/ employment records to the Charging Party or to the public, pursuant to EEOC v. Associated Dry Goods.

The Appellee fails to understand the great effort EEOC is undertaking, including the instant appeal, in its attempt to disclose non-party employment/personnel files to the Charging Party, Lt. Lyndon Johnson. To reiterate, this appeal is not about EEOC being impeded in anyway in its investigative effort nor ability to obtain the relevant documents through its subpoena power, including confidential documents of non-party officers since the Appellee never disputed the scope of the subpoena nor its willingness to produce the subpoenaed documents. But

6

rather, this appeal is about EEOC's insistence that the subject employment/ personnel records of non-party officers  be made available to the Charging Party, which clearly violates the judiciary's holding in EEOC v. Associated Dry Goods.

Finally, EEOC also clearly errs in claiming that the District Court abused its discretion by reaching an erroneous conclusion of law.  EEOC claims that EEOC v. Associated Dry Goods does not apply to the instant matter since EEOC v. Associated Dry Goods is addressing "investigative files" and not "personnel files"; that personnel files are subject to disclosure to Charging Party, unlike the investigative files. However, the Supreme Court in EEOC v. Associated Dry Goods clearly held that "with respect to **all files** other than his own, he is a stranger." [emphasis added] EEOC v. Associated Dry Goods at 598.

## II.    The Charging Party, Lyndon Johnson, is Not Entitled to Employment/Personnel Records of the Seven Police Officers

The Supreme Court in EEOC v. Associated Dry Goods Corporation, 449 U.S. 590 (1981) clearly established that the charging party is a member of the "public"; hence, a stranger to files and records other than his own. EEOC v. Associated Dry Goods, 449 U.S. 590, 598 (1981).  Thus, the Supreme Court concluded that the Appellee was entitled to assurance that each employee filing a charge against the employer Appellee would be entitled only to his own information and no file other

than his/her own. In EEOC v. Associated Dry Goods, seven former employees filed employment discrimination charges with the EEOC. The Court held that though Congress allowed disclosure of investigative information in a charging party's file to that party himself, nothing in the statute or its legislative history reveals any intent to allow the Commission to reveal to that charging party information in the files of other charging parties who have brought claims against the same employer. EEOC v. Associated Dry Goods, 449 U.S. 590, 598, with reference to EEOC Compliance Manual § 83.7( c). The Supreme Court also added that there is no reason why the charging party should know the content of any other employee's charge, and he must be considered "a member of the public" with respect to charges filed by other people. With respect to all files other than his own, "he is a stranger." Id at 598.

In the instant matter, the rights and privacy of the seven (7) police officers are even greater than that of the charging parties in EEOC v. Associated Dry Goods, and thus should be afforded an even higher level of protection and confidentiality. The charging parties in EEOC v Associated Dry Goods purposefully subjected themselves to investigation and scrutiny when they filed their complaints against their former employer Appellee. In filing their complaints, they reasonably expected and anticipated that their employment and personnel records would be subjected to review, investigation and scrutiny by EEOC as well as the Appellee.

8

Conversely, in the instant matter, the EEOC seeks personnel and employment records of seven (7) police officers who are <u>completely</u> <u>unrelated</u> and uninvolved in the charging party's complaint against the Appellee Police Department. None of the seven officers purposefully involved themselves in any proceeding. In fact, it is likely that they are not even aware that there is an investigation being undertaken by the EEOC with respect to Mr. Johnson's complaint. As such, these seven officers are mere innocent by-standers whose rights must be protected and their records be afforded an even higher level of confidentiality than the charging parties in <u>EEOC v. Associated Dry Goods</u>. The Supreme Court in <u>EEOC v. Associated Dry Goods</u> held that the charging parties may only review their own employment file and not any other charging parties' even though they all had claims against the same employer. Therefore, the District Court in the instant matter properly ordered that EEOC, while entitled to obtain said confidential records, be barred from disclosing them to the general public and the charging party, Mr. Lyndon Johnson, alike.

## III. **The District Court's Order Was Proper Based on the Controlling Statute and Judicial Authority**

EEOC's appellate brief erroneously relies on 29 <u>C.F.R.</u> §1601.22 to argue that EEOC is permitted to disclose confidential information to the charging party. 29 <u>C.F.R.</u> §1601.22 states

> Neither a charge, nor information obtained during the investigation of a charge of employment discrimination under Title VII . . ., shall be made matters of public information by the Commission prior to the institution of any proceeding under Title VII . . . involving such charge or information. This disclosure does not apply to such earlier disclosures to charging parties . . . where disclosure is deemed necessary for securing appropriate relief.

EEOC fails to recognize that it is currently in the investigation phase wherein 29 C.F.R. §1601.22 specifically prohibits disclosure of information to the public prior to the institution of a proceeding, and that this disclosure does not include any information previously and already available to charging parties.

EEOC also erroneously relies on the Supreme Court's holding in EEOC. v. Associated Dry Goods, 449 U.S. 590 at 598 in asserting that EEOC is entitled to disclose the confidential records of non-party officers to the charging party. EEOC v. Associated Dry Goods at 598 states

> For the reasons that follow, we have concluded that Congress did not include charging parties within the "public" to whom disclosure of confidential information is illegal under the provision of Title VII here at issue. Section 706(b) states that "[c]harges shall not be made public." 42 U.S.C. §2000e-5(b). The charge, or course, cannot be concealed from the charging party. Nor can it be concealed from the respondent, since the statute also expressly requires the commission to serve notice of the charge upon the respondent . . .Thus, the "public" to whom the statute forbids **disclosure of charges** cannot logically include the parties to the agency proceeding." [emphasis added]

The Supreme Court in EEOC v. Associated Dry Goods states that **"charges"** would obviously be disclosed to the charging party and the respondent in the EEOC proceeding since they are parties to the proceeding. It does not state that confidential

10

records of non-parties be made available to the charging party.

This distinction by the Supreme Court is again reiterated in <u>EEOC v. Associated Dry Goods</u> at 598.

> though the Congress allowed disclosure of investigative information in a charging party's file to that party himself, nothing in the statue or its legislative history reveals any intent to allow the Commission to reveal to that charging party information in the    files of other charging parties who have brought claims against the same employer.  See EEOC Compliance Manual § 83.7 ( c).  As noted earlier, the chargin g party cannot logically be a member of the "public" to whom disclosure is forbidden by § 706 (b) of Title VII, and by extension, cannot be a member of the public under § 709 (e). . .  The reason, however, is that the charging party is obviously aware of the charge he has filed, and so cannot belong to the public to which Congress referred when it directed that "[c]harges shall not be made public. 42 U.S.C. § 2000E-5(b) . **But there is no reson why the charging party should know the content of any other employee's charge, and he must be considered a member of the public with respect to charges filed by other people.  With respect o all files other than his own, he is a stranger**. [emphasis added]

The Supreme Court in <u>EEOC v. Associated Dry Goods</u> did not in anyway hold that confidential records of non-parties (in the instant matter, the personnel and employment records of the seven (7) police officers) be disclosed to the charging party.

Likewise, EEOC erroneously relies on <u>EEOC. v. Bay Shipbuilding Corp.</u>, 669 <u>F.2d</u> 304, 312 (7th Cir. 1981); <u>EEOC v. Univ. of Pa.</u>, 493 <u>U.S.</u> 182, 192 (1990); <u>EEOC v. Univ. of N.M.</u>, 504 <u>F.2d</u> 1296 (10th Cir. 1974); <u>EEOC V. Twp. of Howell</u>, 1991 <u>U.S. Dist. LEXIS</u> 11650 (D.N.J. 1991) and <u>EEOC v. Franklin & Marshall Coll.</u>, 775 <u>F.2d</u> 110 (3d Cir. 1985), <u>cert</u>. <u>denied</u>, 476 <u>U.S.</u> 1163 (1986) to argue its point. The Courts in these cases all held that EEOC is entitled to the confidential records it sought from

the respondents.  These cases, however, do not in any way support EEOC's instant appeal that the confidential personnel and employment records of the seven (7) <u>non-party</u> police officers be shared by EEOC with  the charging party.

## IV. There is No Waiver of Right to Challenge EEOC's Subpoena

There is no dispute that EEOC is entitled to the employment/personnel files of the seven non-party police officers as a part of EEOC's investigation effort in following up with the Charging Party's claim of employment discrimination.  The District Court affirmed the Magistrate Court's Order that the employment/ personnel files be released and the Appellee never disputed the scope of EEOC's subpoena or its willingness to comply with the subpoena and produce the subject confidential documents.  Hence, contrary to EEOC's claim, 29 <u>CFR</u> 1601.16(b)(1) and (2) does not apply to the instant matter.  The Appellee does not dispute EEOC's right to obtain the subject confidential documents nor object to the subpoena, and agreed to voluntarily produce the confidential documents even before the subpoena was issued.  The Appellee only sought an assurance that the subject confidential documents not be disclosed to the public or the Charging Party which is consistent with <u>EEOC v. Associated Dry Goods</u>; and the District Court correctly affirmed the Magistrate Judge's Order stating the same.

12

## CONCLUSION

Therefore, EEOC's instant appeal must be denied and the Order of the District

Court be affirmed.

MARGOLIS EDELSTEIN
Attorney for Respondent/Appellee


Dated: August 30, 2016

By:/s/ Emery J. Mishky, Esq.
EMERY J. MISHKY
emishky@margolisedelstein.com
(EM-6337)

13

## CERTIFICATE OF BAR MEMBERSHIP

Under Third Circuit L.A.R. 28.3(d), I certify that I am a certified member to the bar of this Court.

Dated: August 30, 2016

By:/s/ Emery J. Mishky, Esq.
EMERY J. MISHKY
emishky@margolisedelstein.com
(EM-6337)

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume requirements set forth in Federal Rules of Appellate Procedure Rule 32(a)(7)(B). This brief contains 2852 words, from the Statement of Issues through the Conclusion, as determined by the Word Perfect X7, word processing program, with 14-point proportionally spaced type for text and footnotes.

Dated: August 30, 2016

By:/s/ Emery J. Mishky, Esq.
EMERY J. MISHKY
emishky@margolisedelstein.com
(EM-6337)

## CERTIFICATE OF IDENTICALLY FILED BRIEFS

Pursuant to L.A.R. 31.1(c), I certify that the text of the electronically filed version of this brief is identical to the text of the hard copies of the brief filed with the Court.

Dated: August 30, 2016

By:/s/ Emery J. Mishky, Esq.
EMERY J. MISHKY
emishky@margolisedelstein.com
(EM-6337)

## CERTIFICATE OF VIRUS CHECK

Pursuant to L.A.R.31.1(c), I certify that a virus check using Symantec Endpoint Protection was performed on the electronic version of this brief on August 30, 2016, prior to electronic filing with the Court, and that no virus was detected.

Dated: August 30, 2016

By:/s/ Emery J. Mishky, Esq.
EMERY J. MISHKY
emishky@margolisedelstein.com
(EM-6337)

## CERTIFICATE OF SERVICE

I, Emery J. Mishky, hereby certify that I electronically filed the foregoing brief with the Court via the appellate CM/ECF system and filed 10 paper copies of the foregoing brief with the Court by the next business day delivery, postage pre-paid, this 30th day of August, 2016.  I also certify that the following counsel of record, who has consented to electronic service via his participation in the CM/ECF system, will be served the foregoing brief via the appellate CM/ECF system:

Counsel for Plaintiff/Appellant:
Jeremy D. Horowitz
Attorney
U.S. Equal Employment
Opportunity Commission
Office of General Counsel
131 M. St. N.E., Room 5SW24J
Washington, D.C. 20507
(202) 663-4716
jeremy.horowitz@eeoc.gov

/s/ Emery J. Mishky, Esq.
EMERY J. MISHKY
Attorney for Defendant/Appellee
 City of Long Branch
Margolis Edelstein
400 Connell Drive, Suite 5400
Berkeley Heights, NJ  07922-2775
(908) 790-1401
emishky@margolisedelstein.com
(EM-6337)

16