No. 16-2514

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Plaintiff/Appellant,

v.

CITY OF LONG BRANCH,
Defendant/Appellee.

On Appeal from the United States District Court
for the District of New Jersey

# REPLY BRIEF OF THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AS APPELLANT

P. DAVID LOPEZ
General Counsel

JENNIFER S. GOLDSTEIN
Associate General Counsel

MARGO PAVE
Assistant General Counsel

JEREMY D. HOROWITZ
Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St., N.E., Room 5SW24J
Washington, D.C. 20507
(202) 663-4716
jeremy.horowitz@eeoc.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

ARGUMENT .......... 3

I. Long Branch's Objection to the Subpoena Was Untimely. .......... 3

II. Long Branch Has No Valid Basis to Impose Additional Conditions on its Production of the Subpoenaed Material. .......... 5

CONCLUSION .......... 10

CERTIFICATE OF COMPLIANCE .......... 12

CERTIFICATE OF IDENTICALLY FILED BRIEFS .......... 13

CERTIFICATE OF VIRUS CHECK .......... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*EEOC v. Aerotek, Inc.*,
498 F. App'x 645 (7th Cir. 2013) ....................................................................3

*EEOC v. Associated Dry Goods Corp.*,
449 U.S. 590 (1981)....................................................................... *passim*

*EEOC v. Bay Shipbuilding Corp.*,
668 F.2d 304 (7th Cir. 1981) ....................................................................7, 9

*EEOC v. City of Milwaukee*,
54 F. Supp. 2d 885 (E.D. Wisc. 1999)...........................................................4, 10

*EEOC v. Cuzzens of Georgia, Inc.*,
608 F.2d 1062 (5th Cir. 1979) ....................................................................3

*EEOC v. Franklin & Marshall College*,
775 F.2d 110 (3d Cir. 1985) ....................................................................1, 8

*EEOC v. Kronos Inc.*,
620 F.3d 287 (3d Cir. 2010) ....................................................................5

*EEOC v. Morgan Stanley & Co.*,
132 F. Supp. 2d 146 (S.D.N.Y. 2000) ..............................................2, 6, 7, 10

*EEOC v. Technocrest Systems, Inc.*,
448 F.3d 1035 (8th Cir. 2006) ....................................................................1

*EEOC v. Township of Howell*,
Civ. Nos. 91-2731 and 2732, 1991 WL 160350 (D.N.J. Aug. 12, 1991) ....................................................................1, 3, 8

*EEOC v. University of New Mexico*,
504 F.2d 1296 (10th Cir. 1974) ....................................................................8

*University of Pennsylvania v. EEOC,*
493 U.S. 182 (1990).....1, 2, 7

**Statutes**

29 U.S.C. § 161(1) .....3

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to
2000e-17 .....6, 9

42 U.S.C. § 2000e-8(e) .....9, 10

42 U.S.C. § 2000e-9.....3, 8

Freedom of Information Act (FOIA), 5 U.S.C. § 552 .....9, 10

5 U.S.C. § 552(b)(3) .....10

5 U.S.C. § 552(b)(6) .....10

Privacy Act of 1974, 5 U.S.C. § 552a(b).....10

**Other Authorities**

29 C.F.R. § 1601.16(b) .....3, 4

29 C.F.R. § 1601.22 .....8, 10

EEOC Compliance Manual Vol. 1, §§ 28.1, 28.6. .....6

EEOC FOIA Reference Guide § XI, *available at*
http://www.eeoc.gov/eeoc/foia/hb-11.cfm .....10

## INTRODUCTION

Lt. Lyndon Johnson filed a charge with the EEOC claiming Long Branch racially discriminated against him by disciplining him more harshly than six similarly situated white officers. To investigate this charge, the EEOC requested the disciplinary records for Lt. Johnson and the six comparators he had identified. This type of request is standard in investigations of employment discrimination, and numerous courts have approved its use. *See, e.g.*, *Univ. of Pa. v. EEOC*, 493 U.S. 182, 185-86, 191-92 (1990); *EEOC v. Franklin & Marshall Coll.*, 775 F.2d 110, 112-13 (3d Cir. 1985); *EEOC v. Technocrest Sys., Inc.*, 448 F.3d 1035, 1037 (8th Cir. 2006); *EEOC v. Twp. of Howell*, Civ. Nos. 91-2731 and 2732, 1991 WL 160350, at *2 (D.N.J. Aug. 12, 1991).

Long Branch concedes the relevance of this material but will not provide it unless the EEOC first agrees not to show any part of it to Lt. Johnson or his attorneys. By failing to raise this issue in a petition for revocation or modification within the proper timeframe, Long Branch waived its chance to object to the subpoena. More importantly, such a restriction is improper because limited disclosure is often necessary to the Commission's investigation and conciliation efforts. The Supreme Court has specifically endorsed the practice of disclosing investigative information to charging parties, recognizing its fundamental importance to Title VII's statutory purpose. *EEOC v. Assoc. Dry Goods Corp.*,

449 U.S. 590, 600-01 (1981); *see EEOC v. Morgan Stanley & Co.*, 132 F. Supp. 2d 146, 156 (S.D.N.Y. 2000).

Long Branch argues in its Responding Brief (Resp. Br.) that it did not waive its right to object to the subpoena because it never actually objected to the subpoena – it is willing to produce the requested documents so long as it may categorically limit the EEOC's use of them. (Resp. Br. at 12.) As multiple courts have held, however, an unwillingness to produce requested documents without imposing conditions on their use constitutes an objection to the subpoena. Long Branch does not dispute that it failed to raise these objections in a timely petition.

Long Branch's Responding Brief misstates the Supreme Court's holding in *Associated Dry Goods* and mischaracterizes the Commission's argument. As the EEOC explained in its Opening Brief, *Associated Dry Goods* allows the EEOC to disclose to a charging party the information it assembles while investigating his discrimination charge. *Assoc. Dry Goods*, 449 U.S. at 598-603. This information may include the contents of a comparator's personnel file.[1] *See Univ. of Pa.*, 493

[1] The EEOC's argument on this point is premised on the Supreme Court's holding in *Associated Dry Goods*. Long Branch's argument that the "EEOC claims that EEOC v. Associated Dry Goods does not apply to the instant matter since EEOC v. Associated Dry Goods is addressing 'investigative files' and not 'personnel files,'" Resp. Br. at 7, is thus a complete misreading of the Commission's position in its Opening Brief and throughout this litigation.

U.S. at 185-86, 191-92; *Twp. of Howell*, 1991 WL 160350, at *2. To the extent Long Branch characterizes the EEOC's position differently, it is mistaken.

Because Long Branch has no legitimate grounds to withhold the requested documents and forfeited its right to object to the subpoena in any event, this court should reverse the district court and order Long Branch to comply with the subpoena.

## ARGUMENT

### I. Long Branch's Objection to the Subpoena Was Untimely.

A party wishing to resist an EEOC subpoena must file a petition for revocation or modification with the EEOC Director within five business days after service of the subpoena. 42 U.S.C. § 2000e-9; 29 U.S.C. § 161(1); 29 C.F.R. § 1601.16(b). This petition must identify the portion of the subpoena the employer finds objectionable and explain its refusal to comply. *Id.* Failure to file such a petition may result in a waiver of the right to object. *See EEOC v. Aerotek, Inc.*, 498 F. App'x 645, 648-49 (7th Cir. 2013); *EEOC v. Cuzzens of Ga., Inc.*, 608 F.2d 1062, 1064 (5th Cir. 1979).

Long Branch does not challenge this interpretation of the statutes and implementing regulation. Instead, it argues that the regulation does not apply in this case because its refusal to produce the documents without first receiving "an assurance" that the "documents not be disclosed to the … Charging Party" does not

amount to an "inten[tion] not to comply" under Section 1601.16(b). *See* Resp. Br. at 12. To the contrary, however, courts routinely hold that insisting on preconditions before agreeing to produce subpoenaed documents is unquestionably a refusal to comply.

In *EEOC v. City of Milwaukee*, for example, an employer conceded that the subpoenaed material was relevant to the EEOC's investigation but refused to produce it unless the Commission first agreed to "ensure that each charging party does not see the responsive documents." 54 F. Supp. 2d 885, 891 (E.D. Wisc. 1999). The court characterized the employer's position as "a refusal to comply with the EEOC's subpoenas" and categorically rejected it, both because the employer had not filed a timely petition and because the "perceived need for confidentiality … does not in any way justify" such a refusal. *Id.* at 891-92 (noting that the employer had not complied with the five-day deadline of 29 C.F.R. § 1601.16(b)); *see also Assoc. Dry Goods*, 449 U.S. at 604 ("The Court of Appeals erred … in holding that the respondent had a categorical right to refuse to comply with the EEOC subpoena unless the Commission assured it that the information supplied would be held in absolute secrecy.").

Long Branch cites no authority for the proposition that its refusal to produce documents can be interpreted as anything other than a failure to comply with the subpoena. Because Long Branch did not file a timely petition explaining the basis

for its noncompliance with the subpoena, it waived its right to object. On this basis alone, this Court should reverse the district court's decision.

## II. Long Branch Has No Valid Basis to Impose Additional Conditions on its Production of the Subpoenaed Material.

Long Branch does not contest the relevance of the requested material.[2] Resp. Br. at 12 ("There is no dispute that EEOC is entitled to the employment/personnel files of the seven [sic] non-party police officers as a part of EEOC's investigation effort in following up with the Charging Party's claim of employment discrimination."). It nevertheless claims the right to impose conditions on the EEOC's use of the material that go beyond the statutory and administrative limitations already in place. Long Branch has no support for its position.

When the EEOC investigates a charge of discrimination, it creates an investigative file relating to the charge. This investigative file contains all material related to the investigation, including the charge, the evidence submitted by the parties, correspondence, witness statements, notes, and other relevant materials,

[2] In its Opening Brief the EEOC cited *EEOC v. Kronos Inc.*, 620 F.3d 287, 295 (3d Cir. 2010), solely for the applicable Third Circuit standard regarding the review of an administrative subpoena and decision to grant a confidentiality order. EEOC Opening Br. at 7. *Kronos* involved the scope of the relevance requirement governing EEOC requests for information. *Kronos*, 620 F.3d at 298. Because Long Branch concedes the relevance of the requested information in this dispute, *Kronos* is otherwise inapplicable to the EEOC's argument.

potentially including the personnel files of comparators. *See* EEOC Compliance Manual Vol. 1, §§ 28.1, 28.6. *Associated Dry Goods* unequivocally holds that the EEOC may show a charging party information contained in the investigative file relating to his charge (though it cannot show him investigative files relating to the charges of others).[3] *Assoc. Dry Goods*, 449 U.S. at 598-603.

In coming to this conclusion, the Court recognized that the ability to share information from a charging party's investigative file with the charging party is an essential part of the EEOC's investigation and conciliation efforts. *Id.* at 600-02 (explaining the importance of disclosure to "speed the Commission's required investigation" and "carry out its statutory responsibility to resolve charges through informal conciliation and negotiation"); *Morgan Stanley*, 132 F. Supp. 2d at 156 ("As the Supreme Court has interpreted Title VII, Congress has specifically foreseen and approved of the EEOC's practice of sharing information with charging parties, because that practice is consistent with and promotes the statutory purpose."). Contrary to Long Branch's contention that the "EEOC's investigative effort … is not in any[]way limited, narrowed, or hindered" by Long Branch's

[3] Long Branch misstates the EEOC's position on this point. Far from "insist[ing] that the subject employment/personnel records of non-party officers be made available to the Charging Party," Resp. Br. at 7, the EEOC is instead arguing merely that it should have the discretion to show portions of a charging party's investigative file to the charging party when doing so is necessary to its investigation and conciliation efforts – precisely what the Supreme Court found permissible in *Associated Dry Goods*. *Assoc. Dry Goods*, 449 U.S. at 598-603.

proposed limitation on the use of the subpoenaed documents, Resp. Br. at 6, such a restriction would profoundly hamper the Commission's effectiveness in carrying out its statutory duties.

Long Branch contends that *Associated Dry Goods* "does not state that confidential records of non-parties be made available to the charging party." Resp. Br. at 10-11. Again, however, this is exactly what *Associated Dry Goods* holds. *Assoc. Dry Goods*, 449 U.S. at 598-603; *Morgan Stanley*, 132 F. Supp. 2d at 155-56 ("Morgan Stanley argues that it should have protection for its documents not only from the general public, but also from the complaining parties. … In the face of [the controlling authority of *Associated Dry Goods*], Morgan Stanley's position would appear difficult to justify."). In attempting to distinguish some of the cases the EEOC cited in its opening brief on this point, Long Branch asserts that the cases do not support the argument that "confidential personnel and employment records" of comparators may be shared with the charging party. Resp. Br. at 12. To the contrary, however, the court in each of these cases enforced an EEOC subpoena for the confidential personnel records of third parties. *See EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 312 (7th Cir. 1981) (enforcing subpoena over employer's objection that "it seeks supposedly confidential information concerning management and executive employees"); *Univ. of Pa.*, 493 U.S. at 186 (enforcing subpoena requesting, among other documents, "portions of the tenure-review files"

of five male comparators); *EEOC v. Univ. of N.M.*, 504 F.2d 1296, 1299 (10th Cir. 1974) (enforcing subpoena requesting personnel files of all other faculty members who, like the charging party, had positions in the College of Engineering); *Twp. of Howell*, 1991 WL 160350, at *1 (enforcing subpoena requesting personnel files of comparators); *Franklin & Marshall Coll.*, 775 F.2d at 112 (enforcing subpoena requesting tenure files for all comparator professors).

Long Branch also argues that the regulation providing for disclosure of the investigative file to the charging party, 29 C.F.R. § 1601.22, somehow does not apply to EEOC investigations. Resp. Br. at 9-10. *Associated Dry Goods* makes clear, however, that such disclosure is permissible during the period of investigation. *Assoc. Dry Goods*, 449 U.S. at 600-01 ("[L]imited disclosure to the parties can speed the Commission's required investigation: the Commission can more readily obtain information informally – rather than through its formal powers under 42 U.S.C. § 2000e-9 – if it can present the parties with specific facts for them to corroborate or rebut.").

Long Branch is correct that *Associated Dry Goods* also holds that the EEOC cannot disclose to a charging party the contents of investigative files from charges *other people* have brought against the same employer. Resp. Br. at 8; *Assoc. Dry Goods*, 449 U.S. at 603 ("[T]hough Congress allowed disclosure of investigative information in a charging party's file to that party himself, nothing in the statute or

its legislative history reveals any intent to allow the Commission to reveal to that charging party information in the files of other charging parties who have brought claims against the same employer."). But that is not an issue in this case. The EEOC seeks only to retain the right to disclose to Lt. Johnson portions of the documents it subpoenaed as part of its investigation of his charge – not the charge of anyone else.

Long Branch refers to its concern that the subpoenaed information may be "disclosed to the public." Resp. Br. at 2. Numerous statutory protections are in place to prevent disclosure to the public, however. As explained in the EEOC's Opening Brief, Title VII imposes criminal penalties, including fines and imprisonment, for EEOC personnel who make public information discovered in the course of an investigation. *See* 42 U.S.C. § 2000e-8(e); *Bay Shipbuilding*, 668 F.2d at 312 ("[C]onfidentiality is no excuse for noncompliance [with an EEOC administrative subpoena] since Title VII imposes criminal penalties for EEOC personnel who publicize information obtained in the course of investigating charges of employment discrimination."). To the extent Long Branch implies a danger of EEOC disclosure of confidential material to third parties under the Freedom of Information Act (FOIA) or another statute, the EEOC routinely denies requests for investigative file information made by persons other than the parties to the charge – for any reason, and whether under FOIA or not – because Title VII

prohibits such disclosure. 42 U.S.C. § 2000e-8(e); 29 C.F.R. § 1601.22; EEOC FOIA Reference Guide § XI, *available at* http://www.eeoc.gov/eeoc/foia/hb-11.cfm; *see also* 5 U.S.C. § 552(b)(3) (exempting material from disclosure under FOIA when disclosure is prohibited by another statute); *id.* § 552(b)(6) (exempting personnel files from disclosure under FOIA). The Privacy Act of 1974 also protects EEOC charge files from public disclosure. 5 U.S.C. § 552a(b). Because the statutory framework prevents disclosure of comparators' personnel records to third parties, this fear does not justify noncompliance with the subpoena. *See Morgan Stanley*, 132 F. Supp. 2d at 155; *City of Milwaukee*, 54 F. Supp. 2d at 894-95.

**CONCLUSION**

Long Branch has no legitimate grounds to impose additional conditions on its production of documents in response to the EEOC's subpoena. For the foregoing reasons and the reasons stated in the EEOC's opening brief, the judgment of the district court should be reversed and the case remanded for further proceedings.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JENNIFER S. GOLDSTEIN

Associate General Counsel

MARGO PAVE
Assistant General Counsel

/s/ Jeremy D. Horowitz
JEREMY D. HOROWITZ
Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., Room 5SW24J
Washington, D.C. 20507
(202) 663-4716
jeremy.horowitz@eeoc.gov

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the type-volume requirements set forth in Federal Rules of Appellate Procedure Rule 32(a)(7)(B). This brief contains 2,356 words, from the Introduction through the Conclusion, as determined by the Microsoft Word 2010 word processing program, with 14-point proportionally spaced type for text and footnotes.

/s/ Jeremy D. Horowitz
JEREMY D. HOROWITZ
Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., Room 5SW24J
Washington, D.C. 20507
(202) 663-4716
jeremy.horowitz@eeoc.gov

Dated: September 13, 2016

## CERTIFICATE OF IDENTICALLY FILED BRIEFS

Pursuant to L.A.R. 31.1(c), I certify that the text of the electronically filed version of this brief is identical to the text of the hard copies of the brief filed with the Court.

September 13, 2016

/s/ Jeremy D. Horowitz
Jeremy D. Horowitz
Counsel for Appellant EEOC

## CERTIFICATE OF VIRUS CHECK

Pursuant to L.A.R. 31.1(c), I certify that a virus check using Trend Micro OfficeScan was performed on the electronic version of this brief on September 13, 2016, prior to electronic filing with the Court, and that no virus was detected.

September 13, 2016

/s/ Jeremy D. Horowitz
Jeremy D. Horowitz
Counsel for Appellant EEOC

**CERTIFICATE OF SERVICE**

I, Jeremy D. Horowitz, hereby certify that I electronically filed the foregoing brief with the Court via the appellate CM/ECF system and filed ten copies of the foregoing brief with the Court by next business day delivery, postage pre-paid, this 13th day of September, 2016. I also certify that the following counsel of record, who have consented to electronic service, will be served the foregoing brief via the appellate CM/ECF system:

Counsel for Defendant/Appellee:
Emery J. Mishky
Margolis Edelstein
400 Connell Drive
Connell Corporate Center, Suite 5400
Berkeley Heights, NJ 07922
(908) 790-1401
emishky@margolisedelstein.com

/s/ Jeremy D. Horowitz
JEREMY D. HOROWITZ
Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., Room 5SW24J
Washington, D.C. 20507
(202) 663-4716
jeremy.horowitz@eeoc.gov